323 So.2d 631 (1975)
MAULE INDUSTRIES, INC., Appellant,
v.
CENTRAL RIGGING & CONTRACTING CORPORATION, Appellee.
No. 74-1460.
District Court of Appeal of Florida, Third District.
December 2, 1975.
Rehearing Denied January 12, 1976.
Horton, Perse & Ginsberg, Miami, Papy, Levy, Carruthers & Poole, Coral Gables, for appellant.
George V. Lanza, and John A. Finn, Coral Gables, Jeanne Heyward, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Maule Industries, Inc., defendant and third-party plaintiff in the trial court, appeals from an adverse final judgment on its third party complaint against Central Rigging & Contracting Corporation, third-party *632 defendant, seeking indemnity in compensating one Hessler, a worker in the employ of Central Rigging, allegedly injured as a result of the negligence of Maule.
Hessler brought suit for personal injuries against Maule, the construction project owner, alleging negligence on the part of Maule. Maule's third party complaint against Central Rigging is predicated upon an indemnity agreement entered into by McDonald Engineering Company, the general contractor, and Central Rigging, a sub-contractor. Maule claims to be a third party beneficiary of such agreement. The pertinent portion of the agreement is:
"The policy shall provide for Protective Liability with respect to operations of Sub-subcontractors and shall include Contractual Liability coverage for the following Indemnity Agreement, which Indemnity Agreement is hereby made a part of this contract:
`The Subcontractor hereby agrees to indemnify, defend, and hold harmless the General Contractor and Owner from all suits, actions, legal proceedings, claims, demands, damages, costs, expenses, attorneys' fees (herein called claims) and from all expense in defending claims, including without limitation court costs, attorneys' fees, the amounts of any judgments recovered, and any other expenses resulting from claims for bodily injury, sickness or disease, including death resulting therefrom sustained by any person and/or resulting from injury to or destruction of property, including loss of use thereof, caused by, arising from, incident to, connected with or growing out of the performance of this contract, including without limitation, the act or omission of the Sub-contractor, his agents, servants or employees and/or by any Sub-subcontractor, his agents, servants or employees and/or by the General Contractor, his agent, servants or employees, and/or by the Owner, his agents, servants or employees.'"
The trial court determined that the indemnity agreement was unenforceable because it was ambiguous and unclear. Summary judgment was entered in favor of third party defendant, Central Rigging, and this appeal ensued. The question now before us for consideration is whether or not the clause is ambiguous and unclear.
Under the law of Florida, intent to indemnify the indemnitee for his own negligence must be specifically set out in the indemnity contract in clear and unequivocal terms. Gulf Oil Corporation v. Atlantic Coast Line Railroad Company, Fla. App. 1967, 196 So.2d 456; University Plaza Shopping Center, Inc. v. Stewart, Fla. 1973, 272 So.2d 507; Ivey Plants, Inc. v. FMC Corporation, Fla.App. 1973, 282 So.2d 205.
We note that it clearly appears from the record that Maule paid an additional premium for the coverage provided in the indemnity agreement, thus meeting the requirement of § 725.06(2), Fla. Stat. We further note that the indemnity clause does specifically provide in clear and unequivocal terms that Maule, the owner, is to be indemnified. We have studied the clause using both interpretations of the "and/or" language as follows:
The indemnity clause purports to indemnify Maule
"for claims ... arising from ... this contract .. . including without limitation, the act or omission of Central ... and McDonald ... and Maule,"
"for claims ... arising from ... this contract .. . including without limitation, the act or omission of Central ... or McDonald ... or Maule."
When an indemnity agreement is reasonably susceptible of two equally fair interpretations, one which will provide indemnity and one which will deny it, the interpretation which provides liability must be applied. *633 Da Costa v. General Guaranty Insurance Company of Florida, Fla. 1969, 226 So.2d 104; Lake v. Fidelity and Deposit Company of Maryland, 5th Cir.1970, 430 F.2d 1251.
For the reasons stated and on the authorities cited, the summary final judgment herein appealed is reversed.
Reversed.