PER CURIAM.
Appellant Air Agency, Inc., brought a third party complaint for indemnity against appellee British Airways.[1] The main action was brought by a plaintiff worker who slipped and fell off a loading dock which was a part of a building in which British Airways was an occupant. The claim of the injured plaintiff was settled by appellant Air Agency, Inc. The third party indemnity action came on for trial, and after the presentation of the third party plaintiff's evidence, the trial court directed a verdict for the third party defendant, British Airways.
On this appeal, Air Agency, Inc., urges error on the ground that the evidence showed a claim either for contract indemnity or for indemnity on the basis that British Airways was the active tort-feasor and that, at best, Air Agency, Inc., was a passive tort-feasor. We affirm upon a holding that the evidence did not show a contract providing for indemnity of an active tort-feasor. Cf. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973), and Maulé Industries, Inc. v. Central Rigging & Contracting Corporation, 323 So.2d 631 (Fla.3d DCA 1975).
It is clear from the evidence that Air Agency, Inc., as the landlord, was an active tort-feasor in its failure to maintain the area of common usage. See the principles of law in Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla.2d DCA 1976).
Affirmed.

. All pleadings refer to the third party defendant as British Airways. The briefs set forth that British Airways should actually be referred to as British Overseas Airways Corporation.