PER CURIAM.
This is an appeal from a final order of the circuit court awarding attorney’s fees to appellee.
The instant proceeding was commenced as a third-party action after the Federal Deposit Insurance Corporation (FDIC) filed suit against appellee Jimeno for his default under a loan obtained from a bank which is not a party to this appeal. Appellee filed a third-party complaint seeking indemnification from appellant Iqbal based upon appellant’s assumption of appellee’s obligation pursuant to a real estate transaction between them. An agreed order on pending motions was entered by the trial court. The order provided that, inter alia, appellant was to pay to appellee’s counsel the full amount of the final judgment entered in favor of the FDIC and against appellee in the main action, plus interest; upon receipt of payment, appellee was to dismiss a separate lawsuit wherein he sought to impose a vendor’s lien and lis pendens; and the court retained jurisdiction to determine “the liability and amount, if any of [appellant] to [appellee] for the payment of attorneys’ fees sustained by [appellee] in this cause.”
Following an evidentiary hearing, the trial court entered a final order awarding appellee attorney’s fees in the amount of $9,000 against appellant. It is from this order that appellant has appealed.
We find that appellant has failed to demonstrate reversible error in the award of fees or the amount thereof. The trial court was authorized to award appellee a reasonable amount for attorney’s fees as a part of the damages for which appellant was liable to indemnify him. See Insurance Co. of N. America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976); Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla. 3d DCA 1962).
The order under review is, accordingly, affirmed.
Affirmed.