PER CURIAM.
Westinghouse Electric Corporation (Westinghouse) appeals a final judgment awarding Prudential Insurance Company of America (Prudential) attorney’s fees and costs in its cross-claim against Westinghouse for indemnity. Westinghouse contends that it has no common law liability for indemnity and no contractual liability for indemnity under the indemnity provision of its contract. We agree and reverse.
On appeal Prudential has abandoned its claim of entitlement to common law indemnity, and argues only that it is entitled to contractual indemnity. The sole basis for Prudential’s claim for contractual indemnity from Westinghouse is paragraph 12 of a 17-page subcontract between Prudential, as owner, and Westinghouse, as subcontractor. The provision states:
12. Indemnity. The subcontractor agrees to defend, indemnify and save harmless the Contractor and the Owner, their agents and employees, from and against all claims, damages, losses or expenses (including costs and attorney’s fees) by reason of liability imposed by law upon the Contractor or Owner for damages because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, or on account of damage to property, including loss of use thereof, arising out of or in consequence of the performance of the Work, provided such injury to persons or damage to property is due or claimed to be due in whole or in part to the wrongful or negligent act or omission of the Subcontractor, his employees or agents.
(Emphasis added.)
Where the contract is one of indemnity against liability as distinguished from indemnity against loss or damage it is generally held that an action may be brought and a recovery had only after liability is legally imposed. 41 Am.Jur.2d Indemnity § 31 (1968). The contractual indemnity provision in this case clearly limits liability for indemnification for all claims, damages, losses or expenses (including costs and attorney’s fees) to situations where the liability has been imposed by law such as when a judgment has been entered against the indemnitor. A summary judgment was en *722 tered in favor of Prudential and therefore no liability was or can be imposed by law against it.
Prudential argues that it is entitled to indemnity for its cost of defending the suit including attorney’s fees because the indemnity provision specifically provides for indemnification for all claims, damages, losses or expenses including costs and attorney’s fees in defending any suit or action. Admittedly, the provision does provide that Westinghouse agrees to defend, indemnify and save harmless the owner from all claims including costs and attorney’s fees, but both the duty to defend and to indemnify are limited to those claims, damages, losses or expenses including attorney’s fees and costs incurred by the owner by reason of liability imposed by law. There does not appear to be any ambiguity about that limitation being applicable to the duty to defend. Only if any ambiguity exists is it necessary to construe the provision. Assuming arguendo that an ambiguity exists, we find that applying the rules of construction of contracts, the limitation is applicable to the duty to defend as well as to the duty to indemnify. In construing an indemnity provision not given by one in the insurance business but given as an incident to a contract, the main purpose of which is not indemnification, the indemnity provision must be construed strictly in favor of the indemnitor who, in this case, is Westinghouse. Sol Walker & Company v. Seaboard Coast Line Railroad Company, 362 So.2d 45, 49 (Fla. 2d DCA 1978). Another pertinent rule of construction of contracts generally is that the provisions in a contract will be construed most strongly against the party who drafted it. Id.
For the foregoing reasons, we reverse the judgment in favor of Prudential and remand with instructions that a judgment be entered in favor of the cross-defendant Westinghouse.
THOMPSON, WIGGINTON and NIMMONS, JJ., concur. .