578 So.2d 296 (1991)
METROPOLITAN DADE COUNTY, Appellant,
v.
FLORIDA AVIATION FUELING COMPANY, INC., Appellee.
No. 87-2456.
District Court of Appeal of Florida, Third District.
March 5, 1991.
Rehearing Denied May 1, 1991.
*297 Kelley Drye & Warren, including Smathers & Thompson, and Christian D. Keedy, Miami, for appellant.
Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler and Joseph H. Lowe, Miami, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
Metropolitan Dade County appeals an adverse final summary judgment in its third party action against Florida Aviation Fueling Company, Inc. (FAFCO) for indemnity. We reverse.
Dade County owns an aircraft refueling facility adjacent to Miami International Airport. It leased the fueling facility to FAFCO, which assumed responsibility for all operations, maintenance and repair. The lease between the county and FAFCO contained an indemnity provision which states:
The Lessee shall indemnify and save the County harmless from any and all claims, liability, losses and causes of actions which may arise out of the operation of Lessee's business under this Lease Agreement. The Lessee shall pay all claims and losses of any nature whatsoever in connection therewith, and shall defend all suits in the name of the County when applicable, and shall pay all costs and judgments which may issue thereon.
In 1983 FAFCO discovered a leak in the underground pipes at the fuel facility. A temporary fueling system was devised using an above-ground flexible rubber hose for transferring fuel from storage tanks into the aircraft fuel trucks. During the use of the temporary assembly, FAFCO employee James Myles was thrown from the top of a fuel truck and was rendered quadriplegic.
Myles brought suit against a number of defendants, including Dade County. He alleged that the temporary fueling device was improperly designed and dangerous for the pumping of fuel at high pressure. The plaintiff alleged in substance that the device did not comply with applicable standards and was inherently unstable. The plaintiff alleged that the system lacked an appropriate "dead man" control for emergency shutdown, and that previous accidents with the temporary system had made all of these matters obvious.
With respect to Dade County, the plaintiff alleged two bases for liability. First, the plaintiff alleged that the fueling system was an ultrahazardous activity for which the County, as the landowner, would be vicariously liable even though it had relinquished possession of the premises. See Mortgage Guarantee Ins. Corp. v. Stewart, 427 So.2d 776, 780 (Fla. 3d DCA), review denied, 436 So.2d 101 (Fla. 1983); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 679-80 (Fla. 3d DCA 1980). Second, the plaintiff alleged that the County had actual knowledge of the temporary fueling system and knew or should have known of its dangerousness. The plaintiff alleged that the County was, in light of that knowledge, negligent in failing to take steps to correct the situation. See Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981).
Pursuant to the indemnity clause of the lease, the County demanded that FAFCO defend the County in the litigation. FAFCO refused and the County undertook its own defense. The County filed a third-party complaint against FAFCO, seeking indemnity for its expenses of defense and for any sums it was obligated to pay plaintiff.
The County proceeded to defend against the plaintiff's claim. Prior to trial, the County moved for summary judgment. The trial court denied the motion.[1] On the *298 eve of trial, the other defendants settled, leaving the County as the only remaining defendant. The County then settled, paying $700,000 to the plaintiff.
FAFCO moved for summary judgment on the County's claim for indemnity. FAFCO argued that the County had been negligent and that it was therefore precluded from indemnification (a) because the indemnity clause did not provide for the indemnification of the County by FAFCO for the County's own negligence;[2] and (b) because ngeligence on the part of the County would bar a claim for common law indemnity. See Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). The trial court granted FAFCO's motion and the County has appealed.
We first consider whether FAFCO had a duty to defend the County against the plaintiff's claims. We conclude that it did. Plaintiff asserted two theories of liability against the County. Under one theory, the County was negligent, while under the other theory, the County was vicariously liable without fault. The strict liability claim was covered by the indemnification clause, while the negligence claim was not.[3]
We follow the ordinary rule that when a complaint contains a covered claim and a claim which is not covered by the indemnity agreement, then the duty to defend extends to the entire lawsuit. See American Hardware Mutual Ins. Co. v. Miami Leasing & Rentals, Inc., 362 So.2d 28 (Fla. 3d DCA 1978); see also Baron Oil Co. v. Nationwide Mutual Fire Ins. Co., 470 So.2d 810, 813-14 (Fla. 1st DCA 1985); Logozzo v. Kent Ins. Co., 464 So.2d 605, 606-07 (Fla. 3d DCA 1985); cf. Maule Indus., Inc. v. Central Rigging & Contracting Corp., 323 So.2d 631, 632-33 (Fla. 3d DCA 1975) (indemnity agreement should be read, where possible, in favor of providing indemnity). See generally J.A. Jones Constr. Co. v. Zack Co., 232 So.2d 447, 450 (Fla. 3d DCA), cert. denied, 237 So.2d 764 (Fla. 1970). We therefore reverse the summary judgment on the issue of duty to defend and direct that judgment be entered for the County on that issue.
Next we turn to the question of whether FAFCO is required to indemnify the County for the $700,000 settlement. FAFCO's motion for summary judgment was based solely on the mistaken assertion that the County was seeking indemnity for its own negligence. As already stated, in reality plaintiff proceeded against the County on a claim for vicarious liability as well as negligence. Under the indemnity clause at issue here, the County is entitled to indemnity for the former, but not the latter, see Charles Poe Masonry, Inc., 374 So.2d at 489, upon proof of [1] its "`potential liability to [the original plaintiff] and [2] the reasonableness of the settlement.'" Mortgage Guarantee Ins. Corp. v. Stewart, 427 So.2d 776, 780 n. 2 (Fla. 3d DCA) (quoting from G. Wetherington, Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383, 432 (1980)), review denied, 436 So.2d 101 (Fla. 1983). The summary judgment with respect to indemnity for the settlement must be reversed and the cause remanded for further proceedings in accordance with Keller Indust., Inc. v. Employers Mutual Liability Ins. Co., 429 So.2d 779 (Fla. 3d DCA 1983). Under that decision, when a settlement is paid, the party seeking indemnification has the burden to show that the settlement, or portions thereof, fell within the coverage of the indemnity clause. Id. at 780.
The question on remand is therefore whether, and to what extent, the settlement was for a claim covered by the indemnification agreement. See Keller Indus., Inc., 429 So.2d at 780. In order to prevail, the County is required to establish (1) that the settlement or a portion thereof was attributable to the vicarious liability claim *299 which, we conclude, was a potentially viable claim as a matter of law,[4] and (2) that the portion of the settlement attributable to the vicarious liability claim was reasonable as to its amount.
We reverse the summary final judgment and remand for entry of judgment for the County on the duty to defend, and for further proceedings consistent herewith on the remainder of the County's indemnity claim.
NOTES
[1] It is not necessary for present purposes to pass on the correctness of the trial court's ruling on the summary judgment motion.
[2] The County concedes that under applicable law, the indemnity clause does not indemnify the County for its own negligence. See Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979); University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973).
[3] See supra note 2.
[4] Contrary to FAFCO's argument, the vicarious liability claim based on ultrahazardous activity was potentially viable under the law  although ultimately, as urged, it may have failed if the case had been tried and appealed. Arguably, at least, (1) FAFCO as lessee was engaged in an ultrahazardous activity when it stored large quantities of gasoline on the county-leased land, see Farber v. Houston Corp., 150 So.2d 732 (Fla. 3d DCA 1963), and (2) the plaintiff's injuries were causally related to this storage [although admittedly the stored gasoline did not burst into flames or pollute an adjoining property owner's land] when the plaintiff, while engaged in the inherently dangerous activity of pumping the gasoline into the gasoline storage facilities, was thrown from the top of a transport gasoline truck due to an unexpected turbulence in the gasoline hose  thereby making the County vicariously liable for the plaintiff's injuries under the doctrine of strict liability for ultrahazardous activity as established by Rylands v. Fletcher, L.R., 3 H.L. 330 (1868). See Cities Serv. Co. v. State, 312 So.2d 799 (Fla. 2d DCA 1975).

Perhaps, as urged, these injuries were not causally related to the danger posed by the ultrahazardous activity in question thereby rendering the ultrahazardous activity doctrine inapplicable, see Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp., 460 So.2d 510 (Fla. 3d DCA 1984), a question which we do not reach; nonetheless, we think the claim was far from frivolous and was indeed an arguable claim which posed potential liability to the County. Indeed, the plaintiff's claim had in fact survived a motion for summary judgment and had been set for trial when the County decided to settle; neither FAFCO nor this court is in any position to second guess the County's decision to settle.