LEVY, Judge.
Unisys Corporation (“Unisys”) and Frank H. Poe, Inc., d/b/a Poe's Rentals (“Poe’s”), were codefendants in a products-liability action brought for injuries to a plaintiff which resulted from the use of equipment manufactured by Unisys and leased to the plaintiff by Poe’s. Subsequent to the entry of an adverse judgment in the products-liability action, Poe’s brought suit against Unisys for indemnity to recover attorney’s fees and costs incurred by Poe’s while defending the allegations of vicarious liability and negligence set out in the aforementioned action. On Poe’s motion, the trial court entered a partial summary judgment in favor of Poe’s for indemnification of all *875 attorney’s fees and costs. Unisys appeals this entry of partial summary judgment.
Unisys argues that because the underlying complaint in the products-liability action contained mixed allegations of vicarious liability and Poe’s’ own active negligence, Unisys is absolved from indemnifying Poe’s. We do not agree.
As a general rule, an indemnitee is entitled to reasonable attorney’s fees and reasonable costs as a part of the damages for which the indemnitor is clearly liable to him. Iqbal v. Jimeno, 503 So.2d 402 (Fla. 3d DCA), cause dismissed, 509 So.2d 1118 (Fla.1987); Fontainbleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla. 3d DCA 1962). In this case, reasonable attorney’s fees and costs stemming from Poe’s’ defense of the underlying vicarious liability claims were properly granted.
However, we do not reach the same result in connection with the fees and costs incurred by Poe’s in its defense against claims relating to allegations of its active negligence. Just as it would be inequitable to require Poe’s to defend against claims of vicarious liability relating to any negligence of Unisys, it would be an equal injustice to require Unisys to bear the attorney’s fees and costs incurred by Poe’s as a result of Poe’s’ own active negligence. Based on the allegations as set out in the underlying products-liability complaint, Poe’s is entitled to reasonable attorney’s fees and costs from Unisys on the vicarious liability claims, but not with regard to claims of Poe’s’ active negligence. We are aware of the decision rendered by the Fourth District in Insurance Company of North America v. King, 340 So.2d 1175, 1176 (Fla. 4th DCA 1976). However, we reach a contrary result.
We therefore affirm the trial court’s judgment in as far as it requires Unisys to indemnify Poe’s for attorney’s fees and costs it incurred when it defended the vicarious liability claims in the underlying action. We reverse, however, the trial court's judgment to the extent it purports to require Unisys to indemnify Poe’s for attorney’s fees and costs relating to Poe’s defense of claims alleging its active negligence. Clearly, those fees and costs should not be borne by Unisys.
Accordingly, this cause is remanded to the trial court for the purpose of having the trial court make a determination as to which portion of the attorney’s fees and costs incurred by Poe’s relate to the defense of the vicarious liability allegations as distinguished from those incurred in connection with the defense of those allegations that charge Poe’s with being actively negligent.
In the event that the trial court finds that some of the attorney’s fees and costs may be fairly attributable to both the allegations of vicarious liability and the allegations of active negligence on the part of Poe’s, the trial court may conclude that those fees and costs are so intertwined that they cannot be properly separated or prorated. In that event, Unisys will bear the obligation of indemnifying Poe’s in connection therewith.
Regarding other issues raised by Unisys, we find them to be unpersuasive.
Affirmed in part, reversed in part and remanded with directions.