PER CURIAM.
The appellants seek review of an adverse final summary judgment which reads as follows:
“THIS CAUSE coming on before the Court on the cross motions of Plaintiff, Metropolitan Dade County and Defendants, Westinghouse Electric Corporation and Schindler Elevator Corporation for final summary judgment, and this Court, having reviewed the pleadings and the attachments thereto, and having heard argument of counsel, makes the following findings:
*1135 1. It has been admitted by the parties, Plaintiff, Dade County and Defendants, Westinghouse and Schindler, that Defendant Westinghouse entered into a contract for the installation of escalators and a contract for maintenance of escalators on the County’s Metrorail line. It is further admitted that the contract was in full force and effect with respect to Westinghouse from December 7, 1985 through December 31, 1988. On or about January 1, 1989 Defendant Schindler became the successor in interest to the contract, and as such, was bound by the terms of the contract from that point forward. It is admitted between the parties that the contract has been rolled over and is in effect at the current time.
2. The parties agree that the contract contains the following indemnity provision:
Westinghouse shall indemnify and save the County, its officers, employees, and agents harmless from any and all claims, liability, and causes of action to the extent arising out of the negligent performance of this agreement of Westinghouse, its employees, and agents, and subcontractors of the work covered by these contract documents. Westinghouse shall pay all claims and losses in connection therewith, and shall defend all suits, in the name of the County where applicable, including appellate proceedings, and shall pay all costs, judgments and attorney’s fees which may issue thereon. Westinghouse shall not be liable for any of the County’s defense, costs and attorney’s fees where the County is negligent. (Emphasis in original)
3. Dade County alleged and the Defendants admitted that Dade County has been sued as a result of incidents that have occurred on the Metrorail escalators, and that in each instance where Westinghouse/Schindler is involved, there has been an allegation by the Plaintiff in the lawsuits of negligent maintenance and/or installation.
4. The contracts in question are for the maintenance and installation of the escalators, and as such, the allegations of negligent maintenance and/or installation would be allegations which fall within the terms and provisions of the contract in question. WHEREFORE, it is, ORDERED AND ADJUDGED that this Court hereby declare that the indemnity provision set forth above includes within it a duty on the part of the Defendants to defend Dade County. This Court adopts the rule that .. when a complaint contains a covered claim, and a claim which is not covered by the indemnity agreement, then the duty to defend extends to the entire lawsuit.” (citations omitted) Metropolitan Dade County v. Florida Aviation Fueling Company, Inc. [578 So.2d 296], 16 FLW D623 (Fla.App. 3rd DCA, 1991). The Defendant shall under the terms of the indemnity contract herein defend Metropolitan Dade County in all instances where there is an allegation of negligent maintenance and/or installation. The Defendants, having admitted that in all cases in which they are currently involved there is an allegation of negligent maintenance and/or installation, have a current and existing duty to defend Dade County in each of those actions. It is further declared that for the term of the contract, unless modified by the parties, there is a duty on the part of the Defendants to defend Dade County in all actions where there is an allegation of negligent maintenance and/or installation.
Based on the foregoing this Court enters final summary judgment in favor of Metropolitan Dade County, and against the Defendants Westinghouse Electric Corporation and Schindler Elevator Corporation.
We find no error in the entry of the final summary judgment and affirm. Unisys Corporation v. Frank H. Pow, Inc., 576 So.2d 874 (Fla. 3rd DCA 1991); Metropolitan Dade County v. Florida Aviation Fueling Company, Inc., 578 So.2d 296 (Fla. 3rd DCA 1991).
Affirmed.