645 So.2d 1116 (1994)
SEFC BUILDING CORPORATION, a Florida corporation, Block Five Ventures, Inc., a Florida joint venture and Hines Interests, Limited Partnership, a Delaware corporation, Appellants,
v.
McCLOSKEY WINDOW CLEANING, INC., Appellee.
No. 94-648.
District Court of Appeal of Florida, Third District.
December 7, 1994.
Bender Bender Chandler & Adair and Harry Bender, Coral Gables, for appellants.
John S. Freud and Michael J. Schwartz, Miami, for appellee.
Before JORGENSON, COPE and GREEN, JJ.
GREEN, Judge.
This is an appeal from a final summary judgment finding no liability from appellee McCloskey Window Cleaning, Inc. ("McCloskey") *1117 to appellant SEFC Building Corporation, et al., d/b/a Block Five Ventures ("Block Five") pursuant to an indemnification agreement. For the reasons which follow, we affirm.
McCloskey and Block Five entered into an agreement for McCloskey to perform window cleaning services at the Southeast Financial Center. The agreement contained an indemnification clause which provided that:
Section 8. Hold Harmless
a. Contractor [McCloskey] agrees to indemnify the Owner [Block Five] against, and hold the Owner harmless from and in respect of any and all claims, damages, liabilities, costs and expenses, including attorney fees at all levels occurring, arising out of or relating to any injury to or death of any person or damage to or deterioration of loss of any property in connection with:
i. Contractor's work or other activity on or about the site;
ii. Any default of Contractor on any of its obligations under this Contract; and
iii. Any act or omission of Contractor, or its employees, agents, contractors or subcontractors.
One of McCloskey's employees allegedly fell and was injured while washing windows at the Southeast Financial Center. The employee sued Block Five and alleged that his injuries were sustained as a result of Block Five's negligence.
After being sued, Block Five requested that McCloskey assume the defense on its behalf pursuant to section 8. When McCloskey refused, Block Five filed a third party claim against McCloskey for indemnification.
McCloskey answered the third party complaint and moved for summary judgment prior to the trial of the main action. In granting the motion for summary judgment, we find that the trial court correctly concluded as a matter of law, that Block Five was not entitled to indemnification because section 8 does not express such an intent in clear and unequivocal terms. Contracts which attempt to indemnify a party for its own wrongful acts are viewed with disfavor and will be enforced only if they express such intent in clear, unequivocal terms. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487 (Fla. 1979); Skidmore, Ownings and Merrill v. The Volpe Constr. Co., 511 So.2d 642 (Fla.3d DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988); Nat Harrison Assoc., Inc. v. Florida Power and Light Co., 162 So.2d 298 (Fla.3d DCA), cert. denied 166 So.2d 754 (Fla. 1964).
Block Five concedes on appeal that section 8 does not express a clear and unequivocal intent for McCloskey to indemnify Block Five for Block Five's negligence. Block Five argues, however, that under section 8, it may still recoup its attorneys fees and costs from McCloskey for defending the main action if it is established at trial that Block Five was not negligent. We disagree. Because Block Five is not entitled to indemnification from McCloskey, it is also not entitled to recover attorney's fees and costs incurred in defending against the employee's claims in the main action. Skidmore, Ownings and Merrill v. Volpe Constr. Co., 511 So.2d at 645. We therefore affirm the trial court's entry of final summary judgment on this issue.
Affirmed.