776 So.2d 937 (2000)
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
CBM INDUSTRIES OF MINNESOTA, INC., etc., Appellee.
No. 3D99-1954.
District Court of Appeal of Florida, Third District.
September 20, 2000.
Rehearing Denied February 21, 2001.
Merritt, & Sikes and William C. Merritt, Miami; Hicks & Anderson and Martin E. Leach, Miami, for appellant.
Walton Lantaff Schroeder & Carson and John P. Joy and Kenneth L. Valentini, Miami, for appellee.
Before COPE, LEVY, and GERSTEN, JJ.
LEVY, Judge.
Metropolitan Dade County ("the County") appeals from the denial of its Motion for Summary Judgment and the entry of Final Summary Judgment in favor of CBM Industries of Minnesota, Inc. ("CBM"), contending that an indemnity provision in the Management Agreement ("agreement") between the parties requires CBM to indemnify the County for attorney fees expended in defending a slip and fall claim. We agree with the County and reverse, concluding that the underlying Complaint raises alternative claims against the County sounding in negligence and vicarious liability for negligence stemming from CBM's negligent maintenance of the premises.
The County owns the Miami International Airport and contracted with CBM for janitorial and cleaning maintenance services at the airport. An airline employee slipped and fell at the airport and filed suit against the County for her injuries. *938 The plaintiff later amended her Complaint to include CBM as a co-defendant. The County sought to invoke an indemnity provision contained in the agreement which provides:
[CBM] shall indemnify and save the County harmless from any and all claims, liability, losses and causes of actions which may arise out of the willful, negligent, or unlawful acts or omissions of [CBM] in its operations under this Agreement and shall pay all claims and losses of any nature whatsoever in connection therewith, shall defend all suits, in the name of the County, when applicable, including appellate proceedings, and shall pay all costs, judgments, and attorneys fees, which may issue thereon; provided, however, that nothing herein shall be construed to require [CBM] to indemnify the County against liability resulting from the willful, negligent, or unlawful acts of omissions of the County, nor to be liable for loss or damage incurred or occasioned by [CBM] in the performance of operations under this Agreement. This provision shall survive the termination of this Agreement. (emphasis supplied)
CBM denied any duty to defend and/or indemnify the County. After CBM settled the underlying suit on behalf of the County and itself, the County filed a cross-claim for indemnity of attorney fees against CBM, claiming that CBM had a duty to defend the County in the underlying suit pursuant to the indemnification clause contained in the maintenance agreement.
Thereafter, the County moved for Summary Judgment and CBM followed with a Motion for Judgment on the Pleadings. At a combined hearing on the County's Motion for Summary Judgment and CBM's Motion for Judgment on the Pleadings, the trial court entered Summary Judgment in favor of CBM after ruling that CBM's Motion for Judgment on the Pleadings could be treated as a Motion for Summary Judgment. The County appeals from the entry of Final Summary Judgment in favor of CBM. For the following reasons, we reverse.
In considering whether a party has a duty to defend an underlying lawsuit, the trial court is limited to reviewing the allegations raised in the underlying Complaint. See McCreary v. Florida Residential Property and Cas. Joint Underwriting Ass'n, 758 So.2d 692 (Fla. 4th DCA 1999); Westinghouse Elec. Corp. v. Dade County, 472 So.2d 866 (Fla. 3d DCA 1985). In the instant case, Count I of the Amended Complaint ("Complaint") alleges that the County, "by and through its agents and employees," (emphasis supplied) negligently and carelessly maintained and controlled the premises. Count II of the Complaint, a negligence claim against CBM, states that CBM "was under contract with [the County] to maintain the hallway where the incident in question occurred." Read in its entirety, the Complaint states a cause of action for vicarious liability and negligence against the County.
The County relies heavily on Westinghouse Elec. Corp. v. Metropolitan Dade County, 592 So.2d 1134 (Fla. 3d DCA 1992) in support of its position that CBM had a duty to defend. CBM on the other hand, argues that this case is more like SEFC Building Corp. v. McCloskey Window Cleaning Inc., 645 So.2d 1116 (Fla. 3d DCA 1994). Additionally, it was suggested at oral argument that the two opinions conflict. We find that the two opinions are wholly consistent with each other and that the instant case is controlled by Westinghouse.
In Westinghouse, the County contracted with Westinghouse for the installation and maintenance of escalators located at the County's Metrorail stations. The agreement contained an indemnification agreement similar to the one at issue here. Thereafter, the County and Westinghouse were sued for negligent maintenance and/or installation of the escalators. Additionally, other allegations were raised relating to the County's own negligence. On *939 Summary Judgment, the trial court found that the claims raised against the County related to negligent maintenance and/or installation of the escalators. These were claims for which, indisputably, Westinghouse was responsible. Accordingly, the trial court held, and this Court agreed, that pursuant to the indemnity provision, Westinghouse had a duty to defend and indemnify the County for any allegations of negligent maintenance and/or installation. The trial court also held that since Westinghouse had a duty to defend the County on the vicarious liability claims, Westinghouse must defend the entire lawsuit. See Westinghouse, 592 So.2d at 1135 citing Metropolitan Dade Co. v. Florida Aviation Fueling Co., 578 So.2d 296 (Fla. 3d DCA 1991) (holding that Florida Aviation had a duty to defend the entire claim against the County where the Complaint raised alternative theories of liability, one, a strict liability vicarious claim which was covered under the indemnification clause, the other, a negligence claim which was not covered).
In SEFC Building Corp. v. McCloskey Window Cleaning Inc., 645 So.2d 1116 (Fla. 3d DCA 1994), on the other hand, this Court declined to read an indemnity agreement to provide a duty to defend where the only claim raised against the party was a negligent claim for its own active negligence. In SEFC, a building owner ("Owner") contracted with a window service for exterior window cleaning. The agreement between the parties contained an indemnity provision which provided that the window service company agrees to indemnify the Owner for any suit arising out of or relating to the window service. See SEFC, 645 So.2d at 1117. An employee for the window cleaning company was injured while washing windows at the site and sued the Owner alleging that his injuries were sustained as a result of the Owner's negligence. After being sued, the Owner asked that the window cleaning company assume the defense pursuant to the indemnity provision. The window cleaning company refused and the Owner filed a third-party claim for indemnification. On a Motion for Summary Judgment, the trial court concluded that the indemnity provision did not expressly provide an intent to defend and/or indemnify the Owner for its own wrongful acts. See SEFC, 645 So.2d at 1117.
The Court in Westinghouse, on the other hand, properly found a duty to defend because "when a complaint contains a covered claim, and a claim which is not covered by the indemnity agreement, then the duty to defend extends to the entire lawsuit." Westinghouse, 592 So.2d at 1135. The SEFC Court was also correct in refusing to find a duty to defend where the sole claim against the defendant was for its own negligence, a claim not covered within the indemnity clause. In the instant case, the claim against the County provides that the County "by and through its agents and employees did negligently and carelessly own, design, operate, maintain and controlled the aforesaid premises...." We find that this allegation claims that the County is liable for its own negligence and vicariously liable for the negligence of its "agents". Since there is no dispute that CBM is the County's agent and that it had a duty to clean and maintain the area, CBM has a duty to defend and indemnify the County for any claims arising therefrom. Consequently, we find that the instant case is more like Westinghouse and Florida Aviation where the County was sued for the negligence of another and, alternatively, for its own negligence.
Accordingly, we reverse the Order granting Summary Final Judgment in favor of CBM and remand with directions to enter Final Summary Judgment in favor of the County.
Reversed and remanded.