RAMIREZ, J.
The Florida Department of Transportation (“DOT”) appeals the entry of sum *714 mary final judgment in favor of Florida Keys Electric Cooperative Association (“FKEC”) where the trial court held that FKEC had no duty to indemnity or defend DOT. Because the amended complaint only alleged DOT’s own negligence, we affirm.
DOT issued a utility permit on June 11, 1986 which allowed FKEC to erect concrete utility poles along U.S. 1 in the Florida Keys. The permit stated that “the holder will, at all times, assume all risk of and indemnify, defend, and save harmless the State of Florida and the Department from and against any and all loss, damage, cost or expense arising in any manner on account of the exercise or attempted exercises by said holder for the aforesaid rights and privileges.”
In December 1997, the estate of Janine Holcombe sued both DOT and FKEC, among others, for wrongful death. In separate counts, the complaint alleged that DOT and FKEC were negligent in placing and/or failing to relocate the concrete utility pole which allegedly blocked the view of drivers who attempted to turn onto U.S. 1. DOT cross-claimed against FKEC, seeking indemnification for any liability due to FKEC’S placement of the pole, as well as attorney’s fees and expenses incurred in defending the wrongful death suit.
The complaint was subsequently amended to state that DOT was negligent in not requiring FKEC to relocate the pole once DOT became aware that the pole created a visual obstruction. The amended complaint no longer alleged that DOT was negligent in the placement of the pole.
“In considering whether a party has a duty to defend an underlying lawsuit, the trial court is limited to reviewing the allegations raised in the underlying Complaint.” Metropolitan Dade County v. CBM Indus. of Minnesota, Inc., 776 So.2d 937, 938 (Fla. 3d DCA 2000). There is no “duty to defend where the only claim raised against the party was a negligent claim for its own active negligence.” Id. at 939 (citing SEFC Bldg. Corp. v. McCloskey Window Cleaning, Inc., 645 So.2d 1116 (Fla. 3d DCA 1994)) (emphasis in the original). Thus, FKEC has no duty to indemnify or defend DOT when the claim against DOT is solely for DOT’s own negligence.
DOT concedes that the amended complaint alleges that DOT was negligent in having failed to require FKEC to move the pole, without any allegation that it is vicariously liable for FKEC’s negligent placement of the pole. Thus, the trial court correctly ruled that FKEC did not have a duty to defend because the negligence claim against DOT was only for its own active negligence, independent of any negligence by FKEC.
Affirmed.