835 So.2d 1164 (2002)
BARTON-MALOW COMPANY, Appellant/Cross-Appellee,
v.
GRUNAU COMPANY, Western Waterproofing Company of America, M & J Materials, Construct Two, Universal Building Specialties, and Florida Sheet Metal, Appellees/Cross-Appellants.
No. 2D01-3347.
District Court of Appeal of Florida, Second District.
November 15, 2002.
Rehearing Denied February 3, 2003.
*1165 Gilbert E. Theissen and Mark R. Boyd of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for Appellant/Cross-Appellee.
Andrew F. Russo of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellee/Cross-Appellant Grunau Company.
Richard M. Hanchett of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, for Appellee/Cross-Appellant Western Waterproofing Company of America.
Michael S. Rywant and Jill Emerson of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellees/Cross-Appellants M & J Materials and Construct Two.
Jennifer G. Cooper of Gambrell & Stolz, LLP, Atlanta, Georgia, for Appellee/Cross-Appellant Universal Building Specialties.
Daniel F. Pilka of Pilka & Associates, P.A., Brandon, for Appellee/Cross-Appellant Florida Sheet Metal.
Joseph V. McNabb of Marlowe & McNabb, P.A., Tampa; and Donald W. Gregory and Kim H. Finley of Kegler, Brown, Hill & Ritter Co. LPA, Columbus, OH, for Amicus Curiae American Subcontractors Association.
SCHEB, JOHN M., Senior Judge.
Barton-Malow Company, a general contractor, appeals the final judgment awarding it a portion of its defense costs and attorneys' fees pursuant to the indemnity provision of its subcontract agreements with six of its subcontractors, who are the appellees here. Barton-Malow contends that the trial court erred by not awarding it the full amount of its defense costs and attorneys' fees. The six subcontractors cross-appeal, arguing that the trial court erred in awarding Barton-Malow any defense costs or attorneys' fees. We agree with the subcontractors and reverse.
In 1984 Barton-Malow contracted with Polk County to construct a new courthouse in Bartow. Barton-Malow subcontracted much of the work, although it retained some duties of its own. Shortly after the courthouse was completed in 1987, numerous courthouse employees sued the architect, the engineers, and Barton-Malow, alleging that the courthouse was a "sick building" and seeking damages for various health problems allegedly caused by the negligent design and construction of the new courthouse. In response to these complaints, Barton-Malow brought a third-party action against its subcontractors for both common law and contractual indemnity. Barton-Malow ultimately settled the claims of the courthouse employees and its claims against all but six of its subcontractors. The case then proceeded solely on the third-party contractual indemnity claims against these six subcontractors.
During the litigation between Barton-Malow and the subcontractors, the subcontractors filed a motion for summary judgment, arguing that the indemnity provision in Barton-Malow's subcontract agreement was void and unenforceable under section 725.06, Florida Statutes (1983). Under that statute, certain indemnity provisions *1166 between a general contractor and a subcontractor are void unless they contain a monetary limit on the subcontractor's liability or unless the general contractor gives a specific consideration for the indemnity provision. The trial court granted the subcontractors' motion in part, holding that the indemnity provision in Barton-Malow's subcontract agreement was unenforceable insofar as it required the subcontractors to indemnify Barton-Malow for the damages it paid to the courthouse employees. However, the trial court found that the "duty to defend" portion of the indemnity provision was severable from the remainder of the provision, and the parties thus proceeded to a nonjury trial as to the amount of defense costs and attorneys' fees reasonably incurred.
At the nonjury trial, Barton-Malow argued that the subcontractors should be jointly and severally liable for the entire amount of defense costs and attorneys' fees. The subcontractors argued that, at the most, each subcontractor was responsible for only those portions of the defense costs and attorneys' fees directly attributable to its own negligent work. When Barton-Malow refused to apportion its defense costs and attorneys' fees by subcontractor, the trial court apportioned the award by assessing each subcontractor the same percentage of defense costs and attorneys' fees that its contribution bore to the overall settlement with the courthouse employees in the underlying action. Thus, the total award against the six subcontractors was $146,344.99, with each subcontractor being responsible for a portion of this total amount.
In this appeal, Barton-Malow does not challenge the trial court's ruling that the indemnity provision in its subcontract agreements is unenforceable under section 725.06. Rather, Barton-Malow contends that, notwithstanding such invalidity, it was entitled to recover all its defense costs and attorneys' fees because the "duty to defend" was severable from the duty to indemnify. On the other hand, the subcontractors argue that the "duty to defend" is part and parcel of the duty to indemnify, that the "duty to defend" arises only out of the unenforceable indemnity provision, and that Barton-Malow cannot enforce one portion of an otherwise unenforceable provision. Thus, the narrow issue we address is whether the duty to pay defense costs and attorneys' fees is severable from the duty to indemnify for damages under the language of Barton-Malow's subcontract agreement.
Barton-Malow correctly notes that contracts of insurance commonly include provisions requiring the insurer to both defend and pay damages and that these provisions are generally held to be severable. See, e.g., St. Paul Fire & Marine Ins. Co. v. Tingley Sys. Inc., 722 So.2d 849 (Fla. 2d DCA 1998); Fla. Physicians Ins. Co. v. Lazenby, 576 So.2d 794 (Fla. 2d DCA 1991). However, this principle does not necessarily follow in a noninsurance context. This is particularly true when the main purpose of the contract at issue is not indemnification because, in that case, the indemnity provisions must be construed strictly in favor of the indemnitor. Sol Walker & Co. v. Seaboard Coast Line R.R. Co., 362 So.2d 45, 49 (Fla. 2d DCA 1978).
In support of its severability argument, Barton-Malow cites to Westinghouse Electric Corp. v. Metropolitan Dade County, 592 So.2d 1134 (Fla. 3d DCA 1991). In that case, the court found that the duty to defend was severable from the duty to indemnify even though both duties were included in the same contractual provision. Id. at 1135. However, in that case, the duty to defend was set out in a separate sentence from the duty to indemnify against damages paid. Id. Thus, there *1167 was a basis in the structure of the indemnity provision for finding the duties severable. See also Metro. Dade County v. Fla. Aviation Fueling Co., 578 So.2d 296 (Fla. 3d DCA 1991).
In contrast, in Westing house Electric Corp. v. Prudential Insurance Co. of America, 547 So.2d 721, 721 (Fla. 1st DCA 1989), the indemnity clause read: "The subcontractor agrees to defend, indemnify and save harmless the Contractor and the Owner, their agents and employees, from and against all claims, damages, losses or expenses (including costs and attorney's fees) by reason of liability imposed by law upon the Contractor or Owner for damages..." (Emphasis in original.) After considering that language, the First District held that the duty to defend was not severable from the other requirements of the indemnity provision. Id. at 722.
In this case, the relevant language in the subcontract agreements requires each subcontractor to "protect, defend, indemnify and save harmless ... Barton-Malow Company ... from and against all losses, claims, demands, payments, damages, suits, actions, attorney's fees, recoveries and judgments of every nature and description brought or recovered against... Barton-Malow Company." We see nothing in this language that indicates that the parties intended the duty to defend to be severable from the remainder of the duties in the indemnity provision. Here, as in Prudential, the indemnity provision intertwines the duty to indemnify and the duty to defend. Therefore, the structure of the indemnity provision does not support Barton-Malow's argument or the trial court's interpretation of the provision.
Barton-Malow also relies on cases in which the courts held that there was a duty to defend even though it was not yet clear whether there would be a duty to indemnify. See, e.g., Metro. Dade County v. CBM Indus. of Minn., Inc., 776 So.2d 937 (Fla. 3d DCA 2000); Linpro Fla. Inc. v. Almandinger, 603 So.2d 666 (Fla. 4th DCA 1992); Fed. Ins. Co. v. W. Waterproofing Co. of Am., 500 So.2d 162 (Fla. 1st DCA 1986). However, none of those cases imposed a duty to defend when there was no potential right to indemnity. Rather, in each of those cases, the potential existed for the subcontractor to be required to indemnify the general contractor for damages paid. Here, in contrast, there is no potential right to indemnity for damages because the trial court found this indemnity provision invalid. Therefore, there can be no duty to pay defense costs and attorneys' fees. Cf. Skidmore, Owings & Merrill v. Volpe Constr. Co., 511 So.2d 642, 645 (Fla. 3d DCA 1987) (holding that because Skidmore was not entitled to indemnity from Volpe, Skidmore could not recover from Volpe the defense costs and attorneys' fees it incurred in defending itself).
Finally, Barton-Malow correctly points out that in Cone Brothers Contracting Co. v. Ashland-Warren, Inc., 458 So.2d 851, 855-56 (Fla. 2d DCA 1984), this court held that section 725.06 does not invalidate any contractual provision other than the indemnity provision. However, Barton-Malow does not cite to any provision in its subcontract agreements, other than the invalid indemnity provision, that would give rise to any duty to defend by the subcontractors.
Accordingly, we hold that the "duty to defend" is not severable from the remainder of the indemnity provision in Barton-Malow's subcontract agreement. Because the trial court found the indemnity provision to be invalid and no other contractual provision imposes a duty to defend, the subcontractors have no contractual obligation to indemnify Barton-Malow for its defense costs and attorneys' fees. In view *1168 of this holding, we need not address the remaining points raised by the parties.
Reversed.
CASANUEVA and SILBERMAN, JJ., Concur.