CORTINAS, J.
 

 We reverse the trial court’s entry of final summary judgment in this case as “[a] contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms.”
 
 Univ. Plaza Shopping Ctr., Inc. v. Stewart,
 
 272 So.2d 507, 509 (Fla.1973) (citing 41 Am. Jur.2d,
 
 Indemnity,
 
 § 15). “Contracts which attempt to indemnify a party for its own wrongful acts are viewed with disfavor and will be enforced only if they express such intent in clear, unequivocal terms.”
 
 S.E.F.C. Bldg. Corp. v. McCloskey Window Cleaning, Inc.,
 
 645 So.2d 1116, 1116 (Fla. 3d DCA 1994).
 
 See also Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co.,
 
 374 So.2d 487 (Fla.1979);
 
 Skidmore, Owings and Merrill v. Volpe Constr. Co.,
 
 511 So.2d 642 (Fla. 3d DCA 1987);
 
 Nat Harrison Assocs., Inc. v. Fla. Power & Light Co.,
 
 162 So.2d 298 (Fla. 3d DCA 1964).
 

 Reversed and remanded.