342 So.2d 121 (1977)
JEROME NAGELBUSH, INC., Appellant,
v.
FRANK J. ROONEY, INC., Appellee.
No. 76-1657.
District Court of Appeal of Florida, Third District.
February 8, 1977.
Friedman & Rosenberg, Davie, for appellant.
Rosenberg, Rosenberg, Reisman & Glass and Carl A. Spatz, Miami, for appellee.
*122 Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL (Ret.), Associate Judge.
Certain persons doing business as Hollywood Fashion Center, as owners, entered into a written contract with Frank J. Rooney, Inc., as a general contractor, for the construction of improvements in a shopping center. Rooney entered into a sub-contract with Jerome Nagelbush, Inc., for performance of the plumbing work called for in the construction contract.
Subsequently the owners filed action against Rooney for damages for breach of contract, alleging as basis therefor that Rooney "failed to install the plumbing at the `Walgreen Store' as set forth and required in said plans and specifications", and alleging that by reason thereof plaintiff had suffered loss through expense incurred in correcting such defective plumbing installation. In a second count damages were sought, on the same facts, for alleged negligence.
Rooney answered admitting the contract and denying the allegations of improper performance. The answer averred the plumbing installation was done in a workmanlike manner and according to specifications, to the satisfaction of the architect; and pleaded that contributory negligence of the plaintiff proximately caused any plumbing deficiencies.
Separately the defendant Rooney filed a crossclaim against its plumbing sub-contractor, Nagelbush, for indemnity. Therein Rooney alleged the sub-contract, referred to the claims asserted by the plaintiff and alleged that in event Rooney should be held liable to plaintiffs under their contract, despite Rooney's answer thereto, "then the Third-Party defendant is liable to Rooney for the sum to which Rooney may be held liable to plaintiffs". Nagelbush answered the Third-Party complaint for indemnity, denying liability.
Rooney moved for and was granted summary judgment against Nagelbush. The judgment entered was a partial summary judgment on liability, in favor of Rooney against Nagelbush as indemnitor of Rooney. Nagelbush filed this interlocutory appeal therefrom.
We pretermit discussion of the arguments of the parties as to whether there were genuine triable issues of fact precluding the entry of the summary judgment because we hold that entry of judgment against the Third-Party defendant on the claim of indemnity, prior to a judgment against the general contractor in the main action, or a settlement and discharge of the action by payment by the contractor, was premature.
By virtue of the wording of Fla.R. Civ.P. 1.170(g), the filing of the crossclaim or complaint for indemnity at that stage of the proceedings was not premature, as a means of avoiding a multiplicity of actions and in order that the entire subject matter arising from the one set of facts may be disposed of in one action, but the entry of judgment against the indemnitor at that stage of the main action was premature, under the authority of Chappell v. Scarborough, 224 So.2d 791 (Fla.1st D.C.A. 1969), and Mims Crane Service, Inc., v. Insley Mfg. Corp., 226 So.2d 836 (Fla.2d D.C.A. 1969).
For the reason stated, the summary judgment is reversed, without prejudice to and subject to further proceedings on the merits of the crossclaim of Rooney against Nagelbush for indemnity, following judgment, if any rendered in favor of the plaintiff against the defendant contractor.
It is so ordered.