591 So.2d 627 (1992)
COX CABLE CORPORATION, Petitioner,
v.
GULF POWER COMPANY, etc., Respondent.
No. 77247.
Supreme Court of Florida.
January 9, 1992.
*628 David H. Burns and Mark E. Holcomb of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for petitioner.
J. Nixon Daniel, III of Beggs & Lane, Pensacola, for respondent.
GRIMES, Justice.
We review Gulf Power Co. v. Cox Cable Corp. 570 So.2d 379 (Fla.1st DCA 1990), because of its conflict with Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Cox Cable Corporation (Cox) and Gulf Power Company (Gulf) entered into a written contract on January 1, 1978, authorizing Cox to attach its cables, wires, and appliances to Gulf's utility poles. The contract required Cox to ensure the safe installation and maintenance of any wires, cables, or devices attached to the poles and required Cox to indemnify Gulf against claims for personal injury and property damages. Cox hired Burnup and Sims, a cable installation contractor, to perform the installation. On July 16, 1981, Michael Lewis (Lewis), a Burnup and Sims employee, suffered electrical burns when he overtightened a guy wire during the course of installation. In 1984, Lewis sued Gulf in negligence for failure to warn him of the danger. Gulf then filed a third-party complaint against Cox seeking indemnification, claiming breach of contract and alleging *629 that Cox's negligence was the sole and proximate cause of Lewis' injuries. Gulf eventually settled with Lewis in 1989 and filed notice of trial for the claims against Cox. Cox filed a motion for summary judgment which the trial court granted. The district court of appeal reversed, concluding that factual issues precluded the entry of summary judgment on any of Gulf's claims.
Gulf's claim for indemnification was based on paragraph 10 of the contract which provided in pertinent part:
Licensee [Cox] shall indemnify, protect and save the Licensor [Gulf] forever harmless from and against any and all claims and demands for damages to property and injury or death to any persons including, but not restricted to, employees of Licensee and employees of any contractor or sub-contractor performing work for Licensee ... which may arise out of or be caused by the erection, maintenance, presence, use or removal of said attachments... .
The district court of appeal recognized that contracts purporting to indemnify a party against its own wrongful acts are viewed with disfavor. However, the court stated that the degree of specificity required for indemnification in cases of joint negligence was less stringent. The court held that the indemnification language in paragraph 10 was sufficient to sustain indemnification where the parties are jointly liable and concluded that there were factual issues to be resolved concerning whether Gulf and Cox were joint tortfeasors.
In Charles Poe Masonry, this Court held that indemnity contracts which attempt to indemnify a party against its own wrongful conduct will be enforced "only if they express an intent to indemnify against the indemnitee's own wrongful acts in clear and unequivocal terms." Id. at 489 (citing University Plaza Shopping Center v. Stewart, 272 So.2d 507 (Fla. 1973)). The Poe court noted that the indemnity provision in that case, like the one in University Plaza, employed "general terms" which did not disclose an intention to provide indemnification for the indemnitee's wrongful acts. Poe, 374 So.2d at 489. The court then said:
We are not unmindful of the fact that the majority in University Plaza limited its holding to instances where liability is based solely on the fault of the indemnitee. However, the public policy underlying that decision applies with equal force here, that is, to instances where the indemnitor and indemnitee are jointly liable. Under classical principles of indemnity, courts of law rightfully frown upon the underwriting of wrongful conduct, whether it stands alone or is accompanied by other wrongful acts. Hence we extend the holding in University Plaza to cases where the indemnitor and indemnitee are jointly liable.
Poe, 374 So.2d at 489-90 (citation omitted). Thus, it is clear that in the instant case the district court of appeal erred by applying a less stringent standard to cases involving parties who are jointly liable. Moreover, under the correct legal standard, the indemnity agreement between Cox and Gulf fails because it uses the same "general terms" which we rejected as insufficiently clear and unequivocal in Poe and University Plaza.
The relevant language in the indemnity provision in Poe was as follows:
The LESSEE assumes all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the COMPANY harmless from all such claims.
Id. at 489. In University Plaza, the general language provided for indemnity "from and against any and all claims for any personal injury or loss of life in and about the demised premises." 272 So.2d at 508-09 (emphasis deleted). The language by which Cox purported to indemnify Gulf in paragraph 10 is virtually the same as these provisions. Therefore, even if Cox and Gulf were found to be jointly negligent, paragraph 10 was legally insufficient to provide indemnity to Gulf.
We also find that the district court of appeal erred in holding that Cox did not fully comply with its contractual obligations. *630 Gulf alleged that Cox had breached paragraph 9 of the agreement which provided in pertinent part:
In the installation and maintenance of its facilities Licensee [Cox] shall utilize employees and contractors who are experienced in working with and around energized electrical conductors.
In response, Cox filed affidavits stating that it had contracted the work of installing the cable to Burnup and Sims Cable Company of Florida, Incorporated, a well-qualified cable installation company and one of the largest of its kind in the nation. Cox also pointed out that none of its employees were involved in the installation at the accident site. Because these assertions were undisputed, we hold that Cox did comply with paragraph 9 as a matter of law. There are no other portions of the contract which would call for a different interpretation of paragraph 9. It is not clear how this interpretation could be affected by Gulf's affidavit stating that Cox had been notified that Burnup and Sims' employees were engaging in unsafe work practices, including incidents of overtightening the guy wires. In any event, the record is undisputed that when these incidents were reported, Cox discussed them with Burnup and Sims and was assured that corrective action would be taken.
Accordingly, we quash the opinion below to the extent that it conflicts with this opinion. Because we do not address that portion of the opinion below which permitted Gulf to assert a claim for contribution against Cox, we remand the case for further proceedings.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents.