603 So.2d 666 (1992)
LINPRO FLORIDA INC., Appellant,
v.
Richard ALMANDINGER and Meisner Electric Inc. of Florida, Appellees.
No. 91-3307.
District Court of Appeal of Florida, Fourth District.
August 12, 1992.
C. Daniel Petrie, Jr., of Esler, Petrie & Salkin, P.A., Fort Lauderdale, for appellant.
Shirley Jean McEachern and Daniel M. Bacchi of Sellars, Supran, Cole, Marion & Espy, P.A., West Palm Beach, for appellee Meisner Electric.
FARMER, Judge.
We reverse to allow the defendant to plead a third party claim for both contractual and common law indemnity. The trial court dismissed appellant's third party claim seeking indemnification under all theories. While we agree with the trial court that Linpro's claim for indemnification under the release did not state a cause of action, we cannot agree that the contractual and common law indemnification theories were equally misplaced. Thus we reverse the dismissal and remand for further proceedings.
The apparent basis for the trial court's dismissal of the third party claim for contractual indemnification on pleading grounds under rule 1.140(b)(6) was that the jury may ultimately resolve plaintiff's claim against Linpro by finding it actively, rather than merely passively, negligent. That is certainly true, but it is entirely irrelevant to whether Linpro should be allowed *667 to plead contractual indemnification against Meisner's negligence, if that instead be the jury's finding.
Rule 1.180(a), Florida Rules of Civil Procedure, says:
At any time after the commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant * * *. [e.s.]
The words "or may be" were undeniably intended to cover the situation, as here, where the third party's indemnification liability turns on the jury's precise resolution of the main claim. Meisner's contract with Linpro requires Meisner to indemnify Linpro for Meisner's negligence but not for Linpro's own fault.[1] Hence Linpro is entitled to recover from Meisner if the jury finds Linpro passively negligent and Meisner actively so.
This conclusion is essentially identical to the holding in L.M. Duncan & Sons Inc. v. City of Clearwater, 478 So.2d 816 (Fla. 1985), where the court said:
[Duncan's] first point is that the City cannot seek indemnification under the contractual provision because the plaintiff sued the City for its sole negligence in allegedly reopening an unsafe construction site. The City counters that a motion to dismiss a complaint may not serve as a vehicle to resolve issues of fact. Conceding that it would not be able to seek indemnification if found actively negligent, the City argues that it is Duncan that is actively negligent and the City is, at most, passively negligent. We agree with the City that dismissal of the third party complaint was premature.
478 So.2d at 817-18. We are simply unable to distinguish Linpro's position in this case with the City's position in Duncan. It seems clear to us that Linpro should be allowed to plead its contractual and common law indemnification claims. Whether it will prevail on them is not for us to say now.
REVERSED.
GLICKSTEIN, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] The use of the phrase "in whole or in part" in the indemnification provision in the contract also can be read to allow Linpro to seek indemnification from Meisner for Linpro's own negligence. We agree with Meisner that, if the intention of the drafter was to allow Linpro to collect for its own negligence from the contractor, then the provision is unenforceable to that extent because it does not comply with section 725.06, Florida Statutes (1991). The provision is enforceable, however, to recover for Meisner's fault.