611 So.2d 55 (1992)
P.P. PARTNERS, LTD. and Fireman's Fund Insurance Company, Appellants,
v.
J.J. GUMBERG COMPANY f/u/b/o and Northbrook Insurance Company, Appellees.
No. 92-853.
District Court of Appeal of Florida, Third District.
December 29, 1992.
Rehearing Denied February 2, 1993.
*56 Cooper & Wolfe, Marc Cooper and Barbara A. Silverman, Miami, for appellants.
Nicklaus, Valle, Craig & Wicks, Laurence F. Valle and Wayde P. Seidensticker, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and LEVY, JJ.
LEVY, Judge.
P.P. Partners, Ltd. [hereafter "Partners"], and its insurer, Fireman's Fund Insurance Company, appeal an adverse summary partial judgment on a cross-claim for indemnification granted in favor of J.J. Gumberg Company [hereafter "Gumberg"], and its insurer, Northbrook Insurance Company. We reverse based upon our finding that the provisions of the management agreement, upon which Gumberg relies, do not clearly and unequivocally provide that Partners agreed to indemnify Gumberg for Gumberg's own negligence.
Partners owned a shopping center, and had entered into an agreement with Gumberg to manage the property. The management agreement between the parties contained an indemnity provision which stated that Partners agreed to hold Gumberg harmless from any liability arising in connection with the management of the property, and that Partners agreed to maintain liability insurance, naming Gumberg as an additional insured. The provision stated specifically that: "The owner ... agrees ... (a) To save [Gumberg] harmless from all damage suits in connection with the management of the herein described property and from liability from injury suffered by any employee or other person whomsoever... ."
Thereafter, Partners was sued for negligence for personal injuries arising out of a shooting incident which occurred at the shopping center. Gumberg, as manager of the shopping center, was also a named defendant in the lawsuit. Gumberg sought to have Partners defend and save Gumberg harmless from the claim, under the indemnity provision contained in the management agreement. Partners refused, asserting that the provision did not show an intention on the part of Partners to personally indemnify Gumberg for Gumberg's own negligence, and Northbrook Insurance Company then brought a cross-claim for indemnification in Gumberg's name against Partners.[1] The trial court subsequently granted Gumberg's motion for partial summary judgment on the cross-claim for indemnification.
Contracts of indemnification which attempt to indemnify a party against its own negligence are disfavored in Florida, and will be enforced only where an intent to indemnify against the indemnitee's own wrongful act is expressed in clear and unequivocal terms. Cox Cable Corp. v. Gulf Power Co., 591 So.2d 627 (Fla. 1992); Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979); University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973). In University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d at 508-509, the Florida Supreme *57 Court concluded that a provision which required indemnification "from and against any and all claims for any personal injury or loss of life in and about the demised premises" was not sufficient to support indemnification from liability resulting from the indemnitee's own negligence. The Court noted that:
Upon a careful and complete review of the opposing views, we choose to follow the rationale ... requiring a specific provision protecting the indemnitee from liability caused by his own negligence.
University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d at 511 (Emphasis added.). See also, Cox Cable Corp., 591 So.2d at 629 (provision to "indemnify, protect and save ... forever harmless from and against any and all claims" held insufficient to provide indemnity); Charles Poe Masonry, 374 So.2d at 489 (provision assuming all responsibility for claims asserted by any person whatever and agreeing to hold harmless from all such claims held insufficient to provide indemnity); Jones v. Holiday Inns. Inc., 407 So.2d 1032, 1033 (Fla. 1st DCA 1981) (agreement to hold harmless and indemnify against any judgments or awards held insufficient), review denied, 417 So.2d 329 (Fla. 1982); Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205, 207 (Fla. 4th DCA 1973) (agreement to indemnify "from and against all liability... on account of any such loss damage or injury" held insufficient).
Similarly in the present case, the provision relied on by Gumberg merely refers generally to "all damage suits"; it does not clearly and unequivocally state that Partners will indemnify Gumberg for Gumberg's own negligent acts. In the absence of such a clear expression of intent, Partners had no obligation to indemnify Gumberg for its own negligence, and, accordingly, the trial court's summary judgment to the contrary must be set aside.
Reversed.
NOTES
[1] Northbrook Insurance Company, Gumberg's insurer, and Fireman's Fund Insurance Company, Partners' insurer, both eventually settled with the plaintiffs. Fireman's Fund maintains separate excess insurance policies with both Partners and Gumberg. Fireman's Fund was permitted to intervene to participate in the defense of Partners in the cross-claim for indemnity.