660 So.2d 772 (1995)
Robert REA, as General Partner of LaSalle Partners, Ltd., a limited partnership; LaSalle Partners, Ltd.; and California Public Employees Retirement System, a Department of the State of California, Appellants,
v.
BARTON PROTECTIVE SERVICES, INC., a Georgia corporation; Sybil Dalbo and Andrew Dalbo, her husband, Appellees.
No. 94-2463.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
*773 Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, and James D. Fuller of Ligman, Martin & Evans, Fort Lauderdale, for appellants.
Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, for appellee-Barton Protective Services, Inc.
PARIENTE, Justice.
Appellants, Robert Rea, managing partner of LaSalle Partners, Ltd., LaSalle Partners, Ltd. (collectively LaSalle) and California Public Employees Retirement System (CALPERS), appeal summary judgment entered in favor of appellee, Barton Protective Services, Inc. (Barton), on all counts of their cross-claims for contractual and common law indemnity, breach of contract and contribution. We reverse summary judgment which was prematurely granted before the jury's precise resolution of the main personal injury claim.
The Pompano Beach Fashion Mall (the mall) is owned by a pension fund operated by CALPERS. CALPERS' Florida management company, LaSalle, manages the mall. CALPERS, through LaSalle, entered into an agreement with Barton to provide security for the mall. The contract provided for indemnification of CALPERS and LaSalle for actions involving the negligence of Barton's employees, agents, representatives or others under Barton's control.
Sybil Dalbo sued CALPERS, LaSalle and Barton for injuries received when she was shot on the premises of the mall during an attempted robbery by an unknown assailant. The essence of the complaint was inadequate security. CALPERS and LaSalle then sued Barton by cross-claim for indemnification, breach of contract and contribution. The indemnification cross-claim was based both on common law and breach of express contract.
For purposes of the indemnification and breach of contract cross-claims, CALPERS and LaSalle are not bound by the allegations of the original complaint and the characterization of conduct set forth therein. See Linpro Florida, Inc. v. Almandinger, 603 So.2d 666 (Fla. 4th DCA 1992); Home Indem. Co. v. Edwards, 360 So.2d 1112 (Fla. 1st DCA 1978), decision quashed on other grounds, Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); Broward Marine, Inc. v. New England Marine Corp. of Delaware, 386 So.2d 70 (Fla. 2d DCA 1980); Mortgage Guarantee Ins. Corp. v. Stewart, 427 So.2d 776 (Fla. 3d DCA), review denied, 436 So.2d 101 (Fla. 1983).
A defendant is permitted to file a cross-claim for indemnity prior to the resolution of the defendant's liability to the plaintiff. However, because Barton's responsibility for indemnification and breach of contract turns on the precise resolution of the main claim, summary judgment is inappropriate *774 prior to a determination of the liability of the respective defendants in the original personal injury case. See Almandinger. Here, LaSalle and CALPERS are seeking indemnification in the event that the jury, while finding Barton actively negligent, finds CALPERS and LaSalle to be passively negligent or liable based on vicarious liability. Because this possibility exists, summary judgment is premature. See Almandinger; Mitsubishi Int'l Corp. v. Zayre Corp., 479 So.2d 877 (Fla. 3d DCA 1985); Jerome Nagelbush, Inc. v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA 1977).
We emphasize that CALPERS and LaSalle are seeking indemnification only if they are found liable based on the negligence of Barton and not for their own active negligence. In fact, they have expressly conceded that they are not seeking to hold Barton liable based on contractual indemnification for their own conduct. Compare Cox Cable Corp. v. Gulf Power Co., 591 So.2d 627 (Fla. 1992). Had this case been one in which CALPERS and LaSalle sought contractual indemnification for their own active negligence, resolution as a matter of law based solely on contract interpretation may have been appropriate. See SEFC Bldg. Corp. v. McCloskey Window Cleaning, Inc., 645 So.2d 1116 (Fla. 3d DCA 1994); P.P. Partners, Ltd. v. J.J. Gumberg Co., 611 So.2d 55 (Fla. 3d DCA 1992).
Lastly, CALPERS' and LaSalle's cross-claim for contribution is legally sufficient, notwithstanding the supreme court's decision in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), because under certain circumstances they could still be required to pay plaintiff more than their percentage of determined fault. Moreover, Barton's motion did not seek summary judgment on the claim for contribution, and therefore entry of summary judgment was also procedurally defective. See City of Cooper City v. Sunshine Wireless Co., Inc., 654 So.2d 283 (Fla. 4th DCA 1995).
REVERSED AND REMANDED.
FARMER, J., concurs.
JAMES R. WOLF, Associate Judge, concurs in part and dissents in part with opinion.
JAMES R. WOLF, Associate Judge, concurring in part and dissenting in part.
I would affirm the trial court's decision to grant the summary judgment entered in favor of Barton on LaSalle's cross claims for common law and contractual indemnification. At the time the summary judgment was entered, no party to the litigation had demonstrated circumstances under which LaSalle could be determined to be vicariously liable for the actions of Barton.
The contractual indemnification provisions between the parties was insufficient to provide LaSalle with protection from its own negligence. See Cox Cable Corp. v. Gulf Power Corp., 591 So.2d 627 (Fla. 1992). In addition, there is no demonstration by either pleading, affidavit, or discovery of a set of circumstances under which LaSalle could be held to be passively liable for the active negligence of Barton. Thus, an action giving rise to common law indemnification or contractual indemnification has not been presented.
I also do not believe that the granting of summary judgment was premature under these circumstances. In SEFC Building Corp. v. McCloskey Window Cleaning, Inc., 645 So.2d 1116 (Fla. 3d DCA 1994), the court held that the trial court properly granted a summary judgment against an indemnification claim prior to trial of the main claim. See also P.P. Partners Ltd. v. J.J. Gumberg Co., 611 So.2d 55 (Fla. 3d DCA 1992).
In addition, the cases cited by the majority do not necessarily support the position that the summary judgment in this case was prematurely granted. Linpro Florida Inc. v. Almandinger, 603 So.2d 666 (Fla. 4th DCA 1992), was a case involving the granting of a motion to dismiss based solely on the pleadings. Jerome Nagelbush, Inc. v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA 1977), involved a summary judgment in favor of third-party liability prior to the determination of what was the nature of liability of the defendant pursuant to the original claim. Mitsubishi International Corp. v. Zayre *775 Corp., 479 So.2d 877 (Fla. 3d DCA 1985), contains insufficient facts to be relied on as precedent for reversal in this case.
I would reverse the granting of summary judgment on the claim for contribution. In all other respects, I would affirm.