PER CURIAM.
American Insurance Company appeals an adverse summary judgment in a dispute involving insurance coverage. In granting summary judgment, the trial court determined that the parties in a document entitled “Modification of Management Agreement” properly reformed their agreement which originally meant to (but did not) provide for indemnification against its own negligence for the property manager J.J. Gumberg Co.
The position now taken by the respective insureds (that they always meant to include indemnification for the property manager for its own negligence) is contrary to the position taken by P.P. Partners, Ltd. in the earlier appeal in this court. See P.P. Partners, Ltd. v. J.J. Gumberg Co., 611 So.2d 55 (Fla. 3d DCA 1992). P.P. Partners, Ltd. earlier argued that under the management agreement, the property manager was not entitled to such indemnification. Because of the earlier disagreement on this point, we do not think the modification document 'can properly be viewed as a reformation of the original instrument. See Providence Square Ass’n, Inc. v. Biancardi, 507 So.2d 1366, 1369 (Fla.1987) (parties can reform an agreement due to mutual mistake).
The landowner P.P. Partners and the property manager are certainly free to modify their commercial arrangement between themselves. But in this case they are attempting to modify the original agreement and apply it retroactively so as *684 shift the priority of insurance coverage, after an insured loss has already accrued. We decline to allow a retroactive change in the management agreement (as relates to the interests of American) under the circumstances of the present case.
For the reasons stated, we conclude that the summary judgment must be reversed.