GROSS, J.
The issue in this case is whether, in a lease for construction equipment, the lessee agreed to indemnify the lessor for the lessor’s own negligence. We hold that the lease lacked the clear and unequivocal language required to create an indemnity obligation.
Appellee, Mechanic Masters, Inc., is in the business of renting heavy equipment and lifts. Appellant, H & H Painting & Waterproofing Co., leased a 20-foot scissor lift from Mechanic Masters for $350 per month. The back of the lease agreement contained an indemnity provision, which provided in pertinent part that:
Lessee shall indemnify and hold Lessor harmless from any claims of third parties for loss, injury and damage to their persons and property arising out of Lessee’s possession, use, maintenance or return of Equipment, including legal costs incurred in defense of such claims.
Ralph Johnson, a temporary employee of H & H, fell off the lift and was injured. Johnson’s guardian filed suit against Mechanic Masters contending that the company’s negligence caused his injuries. Mechanic Masters filed a third-party complaint against H & H seeking, inter alia, contractual indemnification for its own negligence. The circuit court ruled that Mechanic Masters was entitled to contractual indemnification from H & H.
A contract is construed to indemnify an indemnitee against the indemnitee’s own wrongful acts only where the contract expresses that intention “in clear and unequivocal terms.” Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487, 489 (Fla.1979); see Univ. Plaza Shopping Ctr., Inc. v. Stewart, 272 So.2d 507, 511 (Fla.1973); SEFC Bldg. Corp. v. McCloskey Window Cleaning, Inc., 645 So.2d 1116, 1117 (Fla. 3d DCA 1994); P.P. Partners, Ltd. v. J.J. Gumberg Co., 611 So.2d 55, 56 (Fla. 3d DCA 1992).
In University Plaza, the supreme court held that language which sought to indemnify the indemnitee “from and against any and all claims” did not disclose a clear and unequivocal intent to indemnify “for consequences arising solely from the negligence of the indemnitee.” 272 So.2d at 511. The paragraph by which H & H agreed to indemnify Mechanic Masters is virtually the same as the language the supreme court found insufficient to indemnify for liability in University Plaza.
Likewise, in Charles Poe Masonry, the supreme court ruled that general language that a lessee “assume[s] all responsibility for claims” did not demonstrate a clear and unequivocal intent to indemnify against the indemnitee’s own wrongful conduct. 374 So.2d at 487. The facts in Charles Poe Masonry are similar to this case. There, a general contractor’s employee was injured when he fell off a scaffold. Id. at 488. The employee sued Spring Lock, the manufacturer of the scaffold. Charles Poe Masonry leased the scaffold from Spring Lock. Id. Under the lease agreement, Charles Poe Masonry undertook to maintain and use the equipment in a safe and proper manner and to assume “all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment,” and agreed “to hold [Spring Lock] harmless from all such claims.” Id. at 489.
The supreme court held that these contractual terms were too “general” to “disclose an intention to indemnify for consequences arising from the wrongful acts of the indemnitee.” Id. The court wrote that *1229 the language of “the lease agreement demonstrates nothing more than an undertaking by Poe to hold Spring Lock harmless from any vicarious liability which might result from Poe’s erection, maintenance, or use of the scaffold. It does not envision indemnity for Spring Lock’s affirmative misconduct.” Id. at 489.
Like the lessor in Charles Poe Masonry, H & H undertook to provide all safety equipment, to utilize the equipment in a safe and proper manner, to assume responsibility for claims arising out of the use and maintenance of the equipment, and to hold Mechanic Masters harmless from all such claims. The language of the contract was in general terms — “[l]essee shall indemnify and hold Lessor harmless from any claims of third parties” — not the clear and unequivocal expression required to construe the lease as providing indemnity for Mechanic Masters’ own negligence.
Mechanic Masters argues that when the indemnity clause is read together with other provisions of the lease, it satisfies the rule of University Plaza. and Charles Poe Masonry. However, if a contractual indemnity provision requires reference to other parts of the contract to ascertain its meaning, then it does not contain the clear and unequivocal terms that University Plaza and Charles Poe Masonry require.
For these reasons we reverse the final order of the circuit court and remand for further proceedings.
STONE and MAY, JJ., concur.