ROTHENBERG, J.
Royal Palm Hotel Property, LLC (“the Hotel”) appeals an order entering final summary judgment in favor of Deutsche Lufthansa Aktiengesellschaft, Inc. (“Lufthansa”) on Lufthansa’s cross-claim for indemnification. Because the indemnification provision at issue only indemnified Lufthansa for the Hotel’s negligent acts, and the plaintiffs’ claim against Lufthansa was based solely on Lufthansa’s liability for the negligence of its own employee and not the Hotel’s negligent acts, the indemnification provision did not apply to the instant litigation. Accordingly, we reverse with instructions to enter summary judgment in favor of Royal Palm.

BACKGROUND

Lufthansa is a German airline corporation that provides flights to various United States destinations, including Miami, Florida. Lufthansa drafted and entered into an accommodations agreement (“the Agreement”) with the Hotel in 2003 whereby the Hotel would provide lodging for Lufthansa’s flight attendants needing overnight layovers in Miami. On April 19, 2008, a Lufthansa flight attendant, Juergen Wauschke (“Wauschke”), was staying at the Hotel pursuant to the Agreement. At some point during his stay, when Wauschke attempted to open his seventh floor hotel room window, the window fell out of its frame onto another Hotel guest, Jaime Young (“Young”), who was at an outdoor seating area below Wauschke’s bedroom.
In July 2008, Young and his wife (“the Youngs”) filed an action against the Hotel for the Hotel’s own vicarious negligence and subsequently added Lufthansa as well as the engineering firm allegedly responsible for the design and maintenance of the windows. The claim against Lufthansa was premised entirely on the theory that Lufthansa bore vicarious liability for the negligent actions of its employee, Wauschke.
In Lufthansa’s answer to the Youngs’ complaint, Lufthansa pled a cross-claim for indemnification against the Hotel, alleging that the Hotel was required to indemnify Lufthansa for any judgment entered against Lufthansa, and to pay for any attorney’s fees and costs incurred defending the suit, due to the indemnification provision in the Agreement. Section 6.3 of the Agreement, the indemnification clause, provides:
The Hotel agrees to indemnify and hold Lufthansa harmless from all liabilities, including damage to property or injury or death of persons, including Lufthansa property and Lufthansa personnel that may result from the negligence or wilful [sic] misconduct of the Hotel.
The trial court ultimately found Wauschke’s actions to be outside the scope of his employment with Lufthansa and granted summary judgment in favor of Lufthansa on Young’s vicarious liability claim in October 2011. This Court affirmed that ruling a year later. In early 2012, the Youngs’ negligence action *1110 against the Hotel was tried, and the jury found the Hotel 75% at fault and Wauschke, as a Fabre defendant,[1] 25% at fault via comparative negligence. The Youngs were awarded a $900,000 judgment against the Hotel. Because the Youngs’ vicarious liability claim against Lufthansa was decided in favor of Lufthansa at the summary judgment hearing, the Youngs recovered nothing from Lufthansa. There is no claimed error in this portion of the judgment.
Because Lufthansa was not found liable in the Youngs’ negligence suit, it sought recovery of the attorney’s fees and costs it incurred defending the Youngs’ claims at both the trial and appellate court levels, prosecuting its cross-claim for indemnification against the Hotel, and litigating the attorney’s fees award amount under the Agreement.
Lufthansa and the Hotel each filed motions for summary judgment regarding the cross-claim for indemnification and, after a hearing on the motions, the trial court entered final summary judgment in favor of Lufthansa on January 18, 2013, thereby awarding Lufthansa all its attorney’s fees and costs from the suit, which totaled $157,653.59. The Hotel appeals that order, claiming that the indemnification clause only indemnifies Lufthansa for the Hotel’s negligent or willful acts, not the negligent or willful acts of Lufthansa’s employees. We agree with the Hotel. Since Lufthansa was not sued for the Hotel’s negligence, but instead, for the vicarious liability of Lufthansa’s employee, the indemnification provision of the Agreement does not apply.

DISCUSSION

The cross-claim at issue hinges entirely on the interpretation of the indemnification clause in the Agreement and, specifically, whether the clause covers the conduct that resulted in the Youngs’ claims in the underlying case. We find that it does not because the parties did not clearly and unequivocally state their intention for the Hotel to indemnify Lufthansa for its own negligence or vicariously for the negligence of its employees.
We review the trial court’s interpretation of a contract de novo. Jackson v. Shakespeare Found., Inc., 108 So.3d 587, 593 (Fla.2013). Indemnification clauses are typically enforceable subject to general principles of contract law and often allow a party to recover the attorney’s fees expended defending indemnified claims. See On Target, Inc. v. Allstate Floridian Ins. Co., 23 So.3d 180, 185 (Fla. 2d DCA 2009). However, clauses that attempt to indemnify a party against its own wrongful conduct are viewed with disfavor and will be enforced “only if they express an intent to indemnify against the indemnitee’s own wrongful acts in clear and unequivocal terms.” Cox Cable Corp. v. Gulf Power Co., 591 So.2d 627, 629 (Fla.1992) (emphasis added) (quoting Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487, 489 (Fla.1979)).
The policy disfavoring clauses that indemnify a party from its own wrongful conduct stems from the Florida Supreme Court’s decision in University Plaza Shopping Center v. Stewart, 272 So.2d 507 (1973), where the Court found that a restrictive interpretation of such clauses was necessary to give effect to the intent of the parties involved in a contract. Id. at 511. *1111 Although University Plaza specifically limited its holding to cases in which the indemnitee is the only liable party, id. (“[The indemnification clause at issue] does not disclose an intention to indemnify for consequences arising solely from the negligence of the indemnitee.”), the Florida Supreme Court has expressly expanded the doctrine to cover situations in which the indemnitee is jointly liable. Charles Poe Masonry, 374 So.2d at 489 (“However, the public policy underlying [University Plaza] applies with equal force here, that is, to instances where the indemnitor and indemnitee are jointly liable.”); see also Cox Cable Corp., 591 So.2d at 629 (“[I]t is clear that in the instant case the district court of appeal erred by applying a less stringent standard [than that applied in University Plaza and Charles Poe Masonry] to cases involving parties who are jointly liable.”).
The language in the indemnification clause at issue is by no means “clear and unequivocal” that the Hotel intended to indemnify Lufthansa for its own negligence. In fact, the language is substantially identical to that of the parties in Cox Cable, except that the parties in this case went further by specifically stating that indemnification is restricted only to the negligent or willful acts of the Hotel. In Cox Cable, the clause at issue stated, “The LESSEE assumes all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the COMPANY harmless from all such claims.” Id. The Florida Supreme Court held that the language did not clearly and unequivocally invoke an intent to indemnify the company from its own conduct. Here, the clause reads:
The Hotel agrees to indemnify and hold Lufthansa harmless from all liabilities, including damage to property or injury or death of persons, including Lufthansa property and Lufthansa personnel that may result from the negligence or wilful [sic] misconduct of the Hotel,
(emphasis added). Thus, Lufthansa is precluded from indemnification for its own action not only based on principles of contract interpretation, it is also precluded based on the language in the Agreement that it drafted. Section 6.3 of the Agreement expressly provides indemnification only for the conduct of the Hotel, not for the conduct of Lufthansa or its employees.
Lufthansa’s argument that the Hotel’s negligence is the only reason Lufthansa was brought into the Youngs’ suit, and therefore this entire lawsuit arose from the Hotel’s negligent misconduct, is also unavailing. The Youngs included Lufthansa in the underlying suit not based on Lufthansa’s liability for the Hotel’s negligence, but rather, based on a claim that Lufthansa should be held vicariously liable for any negligent actions of its employee, Wauschke, through the doctrine of respon-deat superior. See Williams v. Hines, 80 Fla. 690, 86 So. 695, 697-98 (1920) (“[T]he employer is liable, not as if the act was done by himself, but because of the doctrine of respondeat superior — the rule of law which holds the master responsible for the negligent act of his servant, committed while a[ ] servant is acting within the general scope of his employment and engaged in his master’s business.”).
The jury found Wauschke to be 25% at fault. However, because the trial court found that Waushcke was acting outside the scope of his employment, and Lufthansa was dismissed from the lawsuit, Lufthansa could not be held vicariously liable for Wauschke’s negligence. The Hotel did not agree to indemnify Lufthansa for the actions of Lufthansa’s own employees anywhere in the Agreement, let alone with clear and unequivocal intent. Accordingly, *1112 Lufthansa’s attorney’s fees stemmed from the negligent actions of its own employee, which are not covered by the indemnification clause, and the trial court’s entry of summary judgment in Lufthansa’s favor was error. Because we have determined as a matter of law that the indemnification clause does not cover the conduct at issue, summary judgment should have been granted in favor of Royal Palm.
Reversed with instructions to enter summary judgment in favor of Royal Palm.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993). "A 'Fabre defendant’ is a nonparty defendant whom a party defendant asserts is wholly or partially responsible for the negligence alleged.” Claudio v. Regalado, 116 So.3d 451, 454 (Fla. 2d DCA 2013) (quoting Salazar v. Helicopter Structural & Maint., Inc., 986 So.2d 620, 622 n. 1 (Fla. 2d DCA 2007)).