SHAW, Judge.
The appellees, Elysabeth D. Irvin and Earl 0. Irvin, instituted suit in Duval County, Florida against the appellants for acts of medical malpractice which allegedly occurred at the Ed Fraser Memorial Hospital, a public hospital located in Baker County, Florida and operated by Methodist Hospital Foundation, Inc. (Methodist), by virtue of a management contract between Methodist and the Baker County Hospital Authority.
Methodist, upon its assertion of inconvenience, moved for a change of venue to Baker County pursuant to Section 47.122, Florida Statutes (1979),[1] and argues that while the statute is discretionary, in this instance the judge abused his discretion. In support of its position, Methodist points out that the alleged negligence occurred in Baker County; all professional contact between the Ed Fraser Memorial Hospital and the appellee took place in Baker County; Dr. Dopson resides and practices in Baker County; the nurses involved in the hospital care of the appellee Elysabeth Irvin reside or work in Baker County, and to compel their attendance at trial in Duval County would inflict great hardship upon the patients of the Ed Fraser Memorial Hospital, severely handicapping the Baker County Hospital Authority in the provision of medical services during the trial of the cause. Affidavits from the supervisor of nursing at the Ed Fraser Memorial Hospital, the administrator of the hospital, and Dr. Dopson attest to the hardships and inconvenience that a trial in Du-val County would occasion. Counterbalanced against the appellants’ affidavits are their answers to interrogatories which show that Mrs. Irvin’s leg was amputated in Gainesville, Florida, that certain laboratory studies were performed in Jacksonville at Methodist Hospital, and that the administrator of the Ed Fraser Hospital during the time that Mrs. Irvin was hospitalized now works in Jacksonville, Florida as does the administrator of Methodist. We take judicial notice of the fact that Baker County is adjacent to Duval County and we are disinclined, under the circumstances, to hold that the denial of the motion for change of venue was an abuse of discretion.
Appellant Dopson argues that as an individual defendant residing in Baker County he is entitled to be sued in that county and the privilege cannot be defeated by the fact that his corporate co-defendant enjoys resi *498 dency in Duval County. We disagree. Section 47.021, Florida Statutes (1979),[2] makes it quite clear that in Florida actions against two or more defendants residing in different counties may normally be brought in any county in which any defendant resides. For purposes of this section, a domestic corporation resides in the county where such corporation has or usually keeps an office for the transaction of its customary business. A foreign corporation doing business in this state resides in the county where such company has an agent or other representative. Section 47.051, Florida Statutes (1979); Enfinger v. Baxley, 96 So.2d 538 (Fla.1957). Methodist reminds us that where defendants enjoy mutual residence within one county, Section 47.021 does not apply even though one of the defendants may also reside in another county. Commercial Carrier Corp. v. Mercer, 226 So.2d 270 (Fla. 3d DCA 1969). It is this mutuality of residence that distinguishes Mercer from the instant case. In the case before us there is no assertion that Methodist is a resident of Baker County or maintains an office in Baker County for the transaction of its customary business. Where there is a request for change of venue, the burden is upon the movant to establish its entitlement to a change. Birdsall Shipping, S. A. v. Gallardo, 390 So.2d 437 (Fla. 3d DCA 1980). We conclude that the appellants Gary Dopson and Methodist Hospital reside in different counties and therefore the plaintiffs’/appellees’ choice of forum controls. The phrase “forum shopping” is simply inappropriate under such circumstances. Houchins v. Florida East Coast Railway Co., 388 So.2d 1287 (Fla. 3d DCA 1980).
The order denying change of venue is accordingly affirmed.
WENTWORTH, J., concurring, with opinion.
THOMPSON, J., dissenting, with opinion.

. Change of venue; convenience of parties or witnesses or in the interest of justice. — For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.

. Actions against defendants residing in different counties. — Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.