761 So.2d 380 (2000)
Vinson MARLIN, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation; and W. George Allen, Esquire, Individually, Appellees.
No. 4D99-0710.
District Court of Appeal of Florida, Fourth District.
April 26, 2000.
Rehearing Denied June 21, 2000.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Jeffrey M. Liggio of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellant.
Paul L. Nettleton and Jeffrey A. Cohen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for Appellee-State Farm Mutual Automobile Insurance Company.
STONE, J.
Marlin (insured) appeals a judgment on the pleadings entered in favor of State Farm Mutual (insurer). We affirm.
The complaint, sounding in breach of contract, fails to set forth allegations that would impose liability on the insurer for alleged acts of negligence by an attorney *381 retained to represent the insured. See Aetna Cas. & Sur. Co. v. Protective Nat'l Ins. Co. of Omaha, 631 So.2d 305 (Fla. 3d DCA 1993), rev. denied, 641 So.2d 1346 (Fla.1994).
The insurer issued an automobile policy to the insured which provided liability coverage in the amount of $100,000 per person. The insured, while operating his vehicle, struck and injured a bicyclist. After investigating the accident, the insurer tendered the full $100,000 policy limit to the victim in settlement of any and all claims against the insured. The victim, however, rejected the offer and initiated a personal injury lawsuit against the insured.
Under the insurance policy, the insurer agreed to retain attorneys to defend any suit against the insured. The insurer complied with this contractual obligation and retained an attorney to represent the insured. Following an excess verdict, the insured brought suit against the insurer and the attorney. As to the insurer, the allegations concerned its negligence in failing to exercise control over the retained attorney.
The circumstances of the instant case are analogous to those in Aetna Casualty and Surety Co., where an excess liability insurance carrier/plaintiff sued a primary general liability insurance carrier/defendant for the negligence of the attorney it selected to defend its insured. The Third District held that an insurer is not liable for the malpractice of the attorney it retains to defend the insured and entered summary judgment for the defendant. Id. at 306-08. The Third District explained that the attorney retained to conduct the litigation acts in the capacity of an independent contractor, responsible for the results of his/her conduct, and is not subject to the control and direction of the insurer. Thus, because the insurer exercises no control over the attorney's performance, it is not, absent an agreement, liable for any alleged acts of professional negligence committed by the attorney.
Here, the insurer complied with its obligation by retaining the attorney. As the insurer has no obligation or right to supervise or control the professional conduct of the attorney, it is not liable for the litigation decisions of counsel. See Merritt v. Reserve Ins. Co., 34 Cal.App.3d 858, 110 Cal.Rptr. 511 (1973); Brown v. Lumbermens Mut. Cas. Co., 90 N.C.App. 464, 369 S.E.2d 367, 371 (1988); State Farm Mut. Auto. Ins. Co. v. Traver, 980 S.W.2d 625, 628-29 (Tex.1998).
As to all other issues raised, we find no reversible error or abuse of discretion.
FARMER and SHAHOOD, JJ., concur.