764 So.2d 842 (2000)
Saul WEISSBARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-229.
District Court of Appeal of Florida, Third District.
August 9, 2000.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, and Julio E. Munoz, Certified Legal Intern, for appellee.
Before JORGENSON and GREEN, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
On September 16, 1994, an information was filed charging defendant with one count of second degree murder and one count of unlawful possession of a firearm while engaged in a criminal offense. Defendant was declared incompetent to stand trial in 1995 and again in 1996. On September 3, 1997, he was found competent to stand trial and on October 14, 1999, the *843 court accepted a plea agreement between the defendant and the state. The defendant plead guilty to both pending charges and agreed to remain in the Passageway Program, a mental health facility, for a period of twenty two (22) years.
At that time, the trial court thoroughly explained the agreement to defendant, and in fact read the agreement line by line. Defendant acknowledged his understanding and agreement after each term and condition was read. Several days before the violation at issue, defendant's probation officer also went over the conditions of his probation. Additionally, the senior case manager went over the conditions of the plea agreement and specifically told defendant he was not allowed to leave the facility.
Nonetheless, four days after defendant entered the program, he walked out of that facility one Saturday morning, made his way to Broward County, and visited his sister at her place of employment the following Monday. Later that day he was arrested by Broward officers who returned him to authorities in Dade County.
Item number four of defendant's Order of Probation provided:
You will not change your residence or employment or leave the county of your residence without first procuring the consent of your [probationary] Officer.
Additionally, item number four of defendant's Special Condition's of Probation provided that defendant would:
Enter and remain in the Passageway Program.
The Violation of Probation affidavit filed against defendant charged that he violated his probation:
By changing residence without the consent of the Probation Supervisor, in that, on or before November 6, 1999, the probationer did leave his approved residence, The Passageways ... and his/her current whereabouts are unknown.
At the probation hearing, after the probation officer had testified, it was stipulated between the defendant and the state that had defendant's sister testified, she would have testified that she urged the defendant to return to the Passageway Program. However, he refused, saying that he did not like the conditions at Passageway, and wanted to buy a little house of his own. He had been "in the streets" between leaving Passageway and his visit with his sister. At the conclusion of the probation revocation hearing, defendant was found by the trial court to be in willful, material, and substantial violation of his probation, as a consequence of which he was sentenced to the maximum allowable sentence of twenty two (22) years in state prison.
Defendant challenges the sufficiency of the Violation of Probation affidavit. He alleges that he did not violate the condition he was charged with violating, and to revoke his probation on the basis of some uncharged offense would be a violation of defendant's right to due process of law. The state responds that the affidavit was broad enough to encompass at least one pertinent provision of both the special and standard conditions of probation. Defendant focuses on a rather technical and formalistic approach to the definition of the words "changing residence". The defendant argues that because the evidence showed only that he had been living "in the street" but did not demonstrate he had set up a household at another location, he technically had not changed residence.
We disagree and conclude that probation was properly revoked. The American Heritage Dictionary (2nd Ed.1982) defines "residence" as simply "the place in which one lives." The trial court was entitled to find from the proffered testimony that the defendant had truly changed his residence at Passageway by both thought, word, and deed. If we were to accept defendant's argument, defendant might have remained in the streets or ridden the rails for months without having violated his probation. We fail to see how any other plain *844 and common sense approach can be made from the argument. When one changes his residence, he need not necessarily establish another single residence immediately. Instead, he may sojourn until he establishes another residence, and still be found to have changed residences.
Finally, we reject defendant's claim of a sentencing error. The record reflects defendant was not prevented from arguing mitigating circumstances and there was no objection to any perceived argument preclusion. Moreover, defendant did not afford himself of the procedural relief afforded by Florida Rule of Criminal Procedure 3.800(b) by filing a motion objecting to the claimed sentencing error.
Accordingly the order under review is affirmed.