790 So.2d 1255 (2001)
Rafael DeJesus POZO, Esquire, Appellant,
v.
ROADHOUSE GRILL, INC., et al., Appellees.
No. 5D01-73.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
*1256 Marlene S. Reiss of Stephens, Lynn, Klein, et al., Miami, for Appellant.
M. Gary Toole and Aaron D. Lyons of Cabaniss Smith Toole & Wiggins PL, Maitland, for Appellee Roadhouse Grill.
PLEUS, J.
Pozo appeals the trial court's non-final order denying his motion to dismiss for improper venue. This court has jurisdiction to review this non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A). Because the complaint fails to allege venue in Orange County, we reverse the trial court's denial of Pozo's motion to dismiss and remand for an evidentiary hearing to determine whether all defendants commonly reside in Dade County. If so, the trial court should transfer the case to Dade County.
Pozo is a defendant in the underlying suit for professional malpractice arising out of his representation of Roadhouse Grill, Inc. ("Roadhouse") in a workers' compensation and personal injury lawsuit. In the personal injury suit, Roadhouse and *1257 Roadhouse Grill North Miami, Inc., ("Roadhouse North Miami"), were sued by Eric Shine, who was injured during the course of his employment with Roadhouse North Miami. The lawsuit was filed in Dade County.
Roadhouse North Miami had a workers' compensation and employer liability insurance contract with Florida Agri-Business and Industries Self Insurance Fund. That entity was purchased by Humana Workers' Compensation Services, Inc. ("Humana"). Humana was obligated to defend Roadhouse North Miami in lawsuits that came under the insurance contract.[1]
Humana retained Pozo to defend both Roadhouse North Miami and Roadhouse in the personal injury suit. In the course of the proceeding, Humana won a declaratory judgment action in which the trial court ruled that only Roadhouse North Miami, as Shine's employer, was entitled to workers' compensation immunity. Humana further prevailed in a declaratory judgment action in which the trial court ruled that Humana had no duty to provide a defense or indemnification to Roadhouse. Pursuant to these rulings, Roadhouse North Miami obtained a summary judgment in the personal injury lawsuit and Humana withdrew its defense of Roadhouse, leaving Roadhouse as the only remaining defendant.
After Roadhouse settled Shine's case, it filed a complaint against Humana, Pozo and his former law firm, Miller, Kagan, Rodriguez & Silver, P.A. ("Miller Kagan"), alleging among other things, that Pozo negligently represented Roadhouse and conspired with Humana to Roadhouse's detriment. Roadhouse filed the action in Orange County. It alleged in the complaint that:
Venue is proper in Orange County, Florida, as Defendants are authorized to do business in Orange County, and pursuant to the contractual forum selection clause set forth in Exhibit "A".
The complaint further alleged that Pozo was "an attorney licensed to practice law in the state of Florida" and his law firm, Miller Kagan, was "organized for purposes of and to provide legal services in the State of Florida". It also alleged that the primary defendant, Humana, was a foreign corporation "authorized to do business in and from Orange County, Florida".
Pozo timely filed a motion to dismiss for improper venue, or alternatively, transfer the case to Dade County. The trial court denied the motion and Pozo appealed. Pozo argues that the trial court erred in refusing to transfer venue from Orange County to Dade County, relying on a venue selection clause in a contract to which neither Pozo nor Roadhouse were parties. Pozo also argues that the trial court abused its discretion in failing to transfer venue where it appeared on the face of the complaint that Orange County had no significant relationship to the case.
Roadhouse responds that venue was proper for several reasons: 1) the primary defendant, Humana, resides in Orange County; thus venue is proper under §§ 47.011 and 47.051, Florida Statutes; 2) Pozo is bound by a venue selection clause because he acted as Humana's agent; 3) the cause of action accrued in Orange County; and 4) Pozo failed to meet his burden of proving that Orange County was an improper venue.

Burden of Proof
Roadhouse argues that Pozo failed to meet his burden of proof in moving to *1258 transfer venue because he failed to file any affidavits or present any evidence as required by Ground Improvement Techniques, Inc. v. Merchants Bonding Co., 707 So.2d 1138, 1139 (Fla. 5th DCA 1998), in which this court stated that "any defendant seeking dismissal of a suit based upon Rule 1.061 forum non conveniens must support the motion by affidavit or other evidence offered under oath." Pozo admits that he did not file any affidavits or present any evidence, but argues that this case falls under the exception in Ground Improvement Techniques, Inc., "where the complaint itself shows on its face that a forum non conveniens transfer is warranted." Id. at 1139. See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne & Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970).
As discussed below, Roadhouse failed to allege sufficient facts to establish that Orange County was the proper venue, much less the most convenient venue in the underlying lawsuit. A plaintiff should allege in the complaint facts sufficient to support his venue selection. See Perry Bldg. Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978). Because Roadhouse failed to meet its initial burden of sufficiently pleading venue, Pozo's motion to dismiss was sufficient to challenge venue.

Residence Allegations
Roadhouse alleges that venue is proper because the primary, or target defendant, Humana, resides in Orange County (AB 9-10). In its complaint, Roadhouse alleges that:
2. Venue is proper in Orange County, Florida, as Defendants are authorized to do business in Orange County, and pursuant to the contractual forum selection clause set forth in Exhibit "A".
The complaint further alleges that Pozo was "an attorney licensed to practice law in the state of Florida" and his law firm and co-defendant, Miller Kagan, was "organized for purposes of and to provide legal services in the State of Florida." It also alleges that the primary defendant, Humana, was a foreign corporation "authorized to do business in and from Orange County, Florida."
Based on these allegations, Roadhouse failed to plead sufficient facts to establish venue based on residence. Regarding Humana, a foreign corporation, residence is defined as the "county where such corporation has an agent or other representative." § 47.051, Fla. Stat. Although Roadhouse argued at the hearing and on appeal that Humana's principal place of business is in Orange County, this fact is not alleged in its complaint. Nor does the complaint allege that Humana has an agent or other representative in Orange County. Roadhouse's allegation that Humana is "authorized to do business in Orange County" is not sufficient to establish venue based upon residence. See Aladdin Insurance Agency, Inc. v. Jones, 687 So.2d 937, 939 (Fla. 3d DCA 1997).
Similarly, Roadhouse's allegations regarding Pozo and his firm are insufficient to establish that they resided in Orange County. Actions brought against individual defendants shall be in the "county where the defendant resides." § 47.011, Fla. Stat. (2000). The term "resides" is generally understood to mean where a person lives. See BLACK'S LAW DICTIONARY 1308 (6th ed.1990); Weissbard v. State, 764 So.2d 842, 843 (Fla. 3d DCA 2000); Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870 (1941). Thus, Roadhouse's allegation that Pozo was "authorized to do business in Orange County" and was "licensed to practice law in the State of Florida" is insufficient to establish venue based on Pozo's residency.
*1259 Additionally, although Pozo failed to argue this point, the law is settled that where a corporate defendant resides in the same county as an individual defendant, venue is only proper in the county of joint residence.[2]Enfinger v. Baxley, 96 So.2d 538 (Fla.1957); Lifemark Hospitals of Florida, Inc. v. Roque, 727 So.2d 1077, 1078 (Fla. 4th DCA 1999), Methodist Hospital Foundation, Inc. v. Irvin, 403 So.2d 496, 498 (Fla. 1st. DCA 1981). Because the record fails to establish where any defendant's residence is located, venue in Orange County cannot be based upon residence.

Where the Cause of Action Accrued
Pozo contends that the cause of action accrued in Dade County while Roadhouse alleges it accrued in Orange County. The right of a plaintiff to bring an action in a county other than where the defendant resides is exceptional. To claim this right, the complaint must allege facts which bring the cause of action within one of the exceptions provided by the venue statute. See James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970).
Roadhouse argues that "the core causes of action arguably accrued in Humana's county of residence". However, as previously stated, Roadhouse failed to adequately allege Humana's residence in the complaint. In addition, the remaining allegations fail to establish that the cause of action accrued in Orange County. For example, Roadhouse alleges in the complaint that Humana "exercised total control over the handling of the defense ... controlled the actions of Pozo," directed and coerced Pozo, withheld information and made misrepresentations to Roadhouse. However, the complaint fails to allege that any of these actions occurred in Orange County.
Moreover, as Pozo points out, the complaint arguably establishes that the cause of action accrued in Dade County. It alleges that the underlying worker's compensation and personal injury suits were initiated in Dade County. It also indicates that much of the defendants' alleged wrongdoing occurred in Dade County. Specifically, Roadhouse alleges that "at the direction of Humana, Pozo filed a single Answer" [in the Dade County case], "Humana filed a Notice of Workers' Compensation Lien in the Dade County case", and, "at the direction of Humana, Pozo filed a two (2) page Motion for Summary Judgment" [in the Dade County case]. Therefore, Roadhouse failed to allege that the cause of action accrued in Orange County, and, if anything, alleged that the cause of action accrued in Dade County.

The Venue Selection Clause
Roadhouse alleged in the complaint that venue is governed by the "contractual forum selection clause set forth in Exhibit `A'" to the complaint. Exhibit "A" consists of a "Workers' Compensation Application" and "Workers' Compensation Coverage Agreement". On the face of these documents, it is apparent that the parties to the agreement were "Roadhouse Grill North Miami, Inc. d/b/a Roadhouse Grill # 30" and "Florida Agri-Business & Industries Self Insurance Fund."
Parties to a contract may provide where suit may be brought to enforce it. See Producers Supply v. Harz, 149 Fla. 594, 6 So.2d 375 (1942). Roadhouse alleges *1260 in its complaint that it was a "partner in a joint venture known as Roadhouse Grill North Miami, Inc." It further alleges that "Roadhouse North Miami d/b/a Roadhouse Grill # 30 entered into a contract for Workers' Compensation and Employer's Liability Insurance with Humana."[3] Contrary to Roadhouse's position, however, the complaint makes clear that Roadhouse and Roadhouse North Miami, Inc., are separate and distinct legal entities. As such, Roadhouse cannot enforce a contract to which Roadhouse North Miami, Inc., was a party. See Nestler-Poletto Realty, Inc. v. Kassin, 730 So.2d 324 (Fla. 4th DCA 1999).
Additionally, neither Pozo nor his former law firm were parties to the contract. Generally, "the obligation of contracts is limited to the parties making them." See 11 FLA. JUR.2D Contracts § 131 (1979). However, Roadhouse contends that Pozo is bound by the venue selection clause because he acted as Humana's agent. This argument lacks merit. Pozo correctly argues that an attorney retained by an insurer to represent an insured does so as an independent contractor, not as an agent of the insurer. See Marlin v. State Farm Mut. Auto. Ins. Co., 761 So.2d 380 (Fla. 4th DCA 2000) and Aetna Cas. & Surety Co. v. Protective National Ins. Co. of Omaha, 631 So.2d 305 (Fla. 3d DCA 1993).
Roadhouse further argues that Pozo is "equitably bound" by the venue selection clause because of the "close relationship between the parties involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract" (AB 12). Roadhouse cites four cases in support of this argument, all of which deal with arbitration clauses, not venue selection clauses. In Terminix International Co., LP v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997), this court held that third party beneficiaries may be bound by an arbitration clause in a contract even though they did not sign it. This holding is distinguishable from the instant case because Roadhouse is not alleging that Pozo was a third party beneficiary of the contract, but rather, had a "close relationship" with one of the parties. The case of A.G. Edwards & Sons, Inc. v. Bing, 446 So.2d 134 (Fla. 4th DCA 1983), is also distinguishable. That case held that the parties to an arbitration agreement were compelled to arbitrate a claim for conversion of funds, a matter not covered by the arbitration agreement, because that claim was inextricably interwoven with the respondent's employment and the contracts controlling employment. The issue was what claims were subject to arbitration, not whether non-parties may be bound to contractual provisions.
The two federal cases Roadhouse cites, Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 757-58 (11th Cir. 1993) and McBro Planning and Development Co. v. Triangle Electrical Construction Co., Inc., 741 F.2d 342 (11th Cir.1984), both stand for the proposition that a party to an arbitration contract may equitably estop a nonsignatory from contesting the agreement where there is a "close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract." Sunkist Soft Drinks at 757. These cases are distinguishable from the instant case on several grounds. First, Roadhouse is not a party to the agreement and lacks standing to enforce it. See Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484, 488 (Fla. *1261 5th DCA 1987), superceded by statute on other grounds, and Vogel Bros. Bldg. Co. v. Scarborough Constructors, Inc., 513 So.2d 260, 262 (Fla. 2d DCA 1987). Second, no Florida cases have adopted this federal jurisprudence. Third, the target defendant in the underlying litigation, Humana, specifically waived its right to have the suit brought in Orange County under the contract. Fourth, the cases imposing this "close relationship" exception deal with arbitration, which public policy strongly favors. Contractual venue provisions, although generally enforceable, are not strongly favored over a party's statutory venue privileges. Roadhouse, an incidental beneficiary to the contract, cannot enforce the venue clause against Pozo, another nonsignatory.
In sum, Roadhouse's complaint fails to establish that any of the defendants reside in Orange County, much less that they commonly reside there. It also fails to establish that the cause of action accrued in Orange County. If anything, it establishes that the cause accrued in Dade County. Further, Roadhouse, an incidental beneficiary, cannot enforce a venue selection clause in a contract between Humana and Roadhouse North Miami, Inc., against Pozo, a nonsignatory. Because the complaint fails to allege venue in Orange County, we reverse the trial court's denial of Pozo's motion to dismiss and remand for an evidentiary hearing to determine whether all defendants commonly reside in Dade County. See Merrill Lynch, 238 So.2d at 665. If so, the trial court should transfer the case to Dade County.
REVERSED and REMANDED.
PETERSON and ORFINGER, R.B., JJ., concur.
NOTES
[1] All parties agree that Humana assumed the contractual obligations of Florida Agri-Business and Industries Self Insurance Fund.
[2] Although not contained in the complaint or any record evidence, it is clear from the briefs and the record of the hearing that Pozo and his former firm reside in Dade County and that Humana also resides in Dade County, making it the only county of residence common to all defendants.
[3] Humana purchased Florida Agri-Business & Industries Self Insurance Fund. Pozo does not contest the fact that Humana was a party to the contract.