[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14664

_____

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,
a foreign corporation, individually
as Subrogee of Comegys Insurance
Agency, Inc.,

Plaintiff-Appellee,

*versus*

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant,

2                Opinion of the Court                19-14664

SAFECO INSURANCE COMPANY OF ILLINOIS,
SAFECO INSURANCE COMPANY OF AMERICA,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-02832-VMC-CPT

_____

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

We are faced with the question of how far the indemnification provision in this case stretches.  And our answer is, not as far as Endurance, the errors and omissions insurer for Comegys, would like.  Comegys, an independent insurance agency, had an independent contractor relationship with Safeco, a liability insurer—in short, Comegys marketed Safeco insurance policies to the public.  Comegys was allegedly negligent in procuring automobile insurance for one of its clients, Robert Smith.  Comegys had provided Smith with an automobile insurance policy from Safeco, which Smith eventually needed to rely on when he caused a car accident that ended in a motorcyclist's death.  Comegys offered to settle (and did settle through the errors and omissions policy it had

with Endurance) the potential negligence claim Smith had against it. Now, relying on the indemnification provision between Safeco and Comegys, Endurance is suing Safeco. Endurance wants to be indemnified by Safeco because the attorney Safeco provided to Smith after the car accident pointed out the potential negligence claim Smith had against Comegys.[1] Comegys has no right to indemnification in this circumstance, so Endurance has no viable claim.

At trial, the jury found that, because Safeco had refused to indemnify Comegys, Safeco had both breached its contract with Comegys and violated the implied covenant of good faith and fair dealing. The jury awarded Endurance, the errors and omissions insurer for Comegys, about $1.6 million in damages plus a $25,000 deductible and $30,000 in attorneys' fees paid by Comegys during litigation. This is an appeal from the District Court's denial of Safeco's motion after trial under Fed. R. Civ. P. 50(b). We hold that Safeco did not breach its contract with Comegys, nor did it breach the implied covenant of good faith and fair dealing. Endurance was not entitled to any recovery under the indemnification provision between Safeco and Comegys. We reverse the judgment below and remand for entry of judgment.

---

[1] In essence, Endurance is trying to treat Safeco like a second errors and omissions insurer.

## I.

### A.

Safeco is a liability insurer.  Comegys is an independent in-surance agency.  At one point, these two entities had a business relationship.  Their relationship went something like this.  A cus-tomer would go into Comegys' office.  The customer would say she needed automobile insurance.  A Comegys agent would show her a host of available policies and probably recommend the one he thought was best for her.  Let's say that the best policy for the customer was a Safeco policy, and the customer agreed to that pol-icy.  Comegys would sign her up for Safeco insurance, and then Safeco would insure her.

Comegys and Safeco operated under a contract, the Limited Agreement, that allowed Comegys to act as an independent con-tractor for Safeco "for the limited purpose of placing Safeco insur-ance products."[2]   The Limited Agreement placed parameters around Comegys' scope of authority to act on Safeco's behalf.  For instance, Comegys could "solicit and submit applications for insur-ance, and [] bind insurance on [Safeco's] behalf, but only with re-spect to such lines of business . . . as [Safeco] [] authorized."  And

---

[2] We note that the version of the Limited Agreement entered into evidence was signed after the car accident in this case but before settlement.  Neither party disputes the validity of the Limited Agreement.

Comegys could not "adjust or settle claims unless [Comegys] obtain[ed] prior written approval from [Safeco]."

The Limited Agreement contained a set of indemnification clauses between Comegys and Safeco. They read as follows:

> A. [Comegys] shall defend, indemnify, protect, and hold [Safeco] harmless from and *against any and all liability* for claims, suits, regulatory or administrative proceedings and investigations, losses, damages, costs, penalties and expenses, including court costs and reasonable attorneys' fees related thereto, arising out of or incurred by reason of the breach of this Limited Agreement by, *or any actual or alleged negligent or intentional act, error or omission on the part of, [Comegys]*, its directors, officers, owners, employees, Sub-producers or others acting on [Comegys'] behalf *in placing business pursuant to or carrying out the terms of this Limited Agreement*, except to the extent such act, error or omission was expressly and knowingly authorized, concurred in, or ratified by [Safeco]. [Comegys'] indemnification obligation includes all costs, expenses and attorneys' fees incurred by [Safeco] to enforce this indemnity obligation. [Comegys'] obligations under this Section are conditioned upon [Safeco] providing prompt notice to [Comegys] of any claim made or legal or regulatory action brought against [Safeco].
>
> B. [Safeco] shall defend, indemnify, protect, and hold [Comegys] harmless from and against any and all

liability for claims, suits, regulatory or administrative proceedings and investigations, losses, damages, costs, penalties and expenses, including court costs and reasonable attorneys' fees related thereto, arising out of or incurred by reason of the breach of this Limited Agreement by, or any actual or alleged negligent or intentional act, error or omission on the part of, [Safeco], its directors, officers, employees or others acting on [Safeco's] behalf in the placement of business pursuant to or carrying out the terms and conditions of this Limited Agreement, except to the extent such act, error or omission was expressly and knowingly authorized, concurred in, or ratified by [Comegys]. [Safeco's] indemnification obligation includes all costs, expenses and attorneys' fees incurred by [Comegys] to enforce this indemnity obligation. [Safeco's] obligations under this Section are conditioned upon [Comegys] providing prompt notice to [Safeco] of any claim made or legal or regulatory action brought against [Comegys].

We can glean two principles from the indemnification provisions: 1) Safeco agreed to take responsibility when it messed up and its mess-up affected Comegys (and Comegys agreed to do likewise), and 2) whether Safeco (or Comegys) messed up was defined by the terms of the Limited Agreement.  In short, liability between Safeco and Comegys rose and fell with the Limited Agreement.

### B.

Let us return to the hypothetical above, with a customer walking into the Comegys office to procure insurance, except now, we are going to substitute in the characters of this case. In January 2012, Comegys procured automobile insurance for its customer, Robert Smith. Comegys provided him with a Safeco policy— $250,000 per person, $500,000 per incident limit with an umbrella policy of $ 1 million. In December 2013, Smith emailed a Comegys agent to inquire about raising his umbrella limit to $2 million or $3 million. The Comegys agent responded that Safeco would only raise the umbrella limit to $2 million without also increasing the automobile coverage to a $500,000 combined single limit, instead of the $250,000 per person, $500,000 per incident limit. If Smith chose to raise his umbrella policy with Safeco to $2 million, the agent explained, it would cost Smith about an extra $200 annually. The Comegys agent never discussed other policies with Smith besides Safeco's. Smith never responded to the Comegys agent about the potential increase in policy limits with Safeco. He then renewed his existing Safeco policy. Smith, a man of substantial means, later stated that he would have purchased $5 to $10 million in umbrella insurance if it had been recommended to him and that he would have considered other insurance companies besides Safeco in adjusting his insurance limits.

Smith's Safeco automobile insurance policy became important when his car caused an accident with a motorcyclist in June 2015. About two weeks after the incident, the motorcyclist died in

the hospital of his injuries. Twelve days after the motorcyclist's death, Safeco tendered Smith's $1.25 million policy limit to the motorcyclist's estate by mail. The estate rejected the tender because the estate believed its claim was more than the policy limit. In compliance with the insurance policy, Safeco then provided Smith with a defense attorney, whose job it was to represent Smith in any case the estate brought against him.[3] Safeco explained to Smith's attorney that Smith's policy limits would probably not be sufficient to settle the case, so Smith's personal assets would be at risk in any case the estate brought against him.

Smith's attorney and the estate's attorney then began discussing how to settle the accident. In reviewing the history of the case, Smith's attorney realized that Comegys might have been negligent in procuring automobile insurance for Smith. The basic idea of the claim was that, based on Smith's substantial assets, Comegys did not adequately respond when Smith asked about raising the umbrella coverage in December 2013. Smith's attorney mentioned this possible negligent procurement claim to the estate's attorney during negotiations over the accident settlement and arranged for the estate's attorney to meet an insurance attorney who specialized in negligent procurement suits.

After the estate officially filed a wrongful death action against Smith in state court in December 2015, Smith's attorney

---

[3] Based on the record, Smith never hired any other attorney. His only legal representation during these proceedings was what Safeco provided.

reached out to Comegys, asking Comegys to indemnify and defend Smith on the basis that Comegys had negligently procured insurance for Smith prior to the accident. After some correspondence between Smith's attorney and Comegys, Endurance, Comegys' errors and omissions insurer, responded on Comegys' behalf, saying that it would not take over Smith's defense.

In June 2016, Smith and the estate entered non-binding arbitration. The arbitrator found Smith 95% liable and the motorcyclist 5% liable, awarding the estate a little over $7 million. After this non-binding arbitration, Smith and the estate entered into a joint stipulation and agreement. The terms of the joint stipulation were that the parties would agree to a mutual release of all claims, in exchange for Safeco's $1.25 million policy limit on Smith and Smith's assignment to the estate of his negligent procurement claim against Comegys. In other words, the estate accepted the negligent procurement claim as covering the difference between the $1.25 million policy limit and the roughly $7 million award the arbitrator in the non-binding arbitration thought was appropriate. The state court approved the joint stipulation in September 2016, and it served as a final judgment on the matter.

*C.*

The estate then sent Comegys a demand for $2 million based on Smith's negligent procurement claim.[4]  Comegys's errors and omissions insurance with Endurance had a policy limit of $2 million.  In a strange turn of events, Endurance, Comegys' errors and omissions insurer, then sent a letter to Safeco, requesting indemnification for the suit the estate brought against Comegys.  Safeco never responded.  Next, Comegys and the estate settled for about $1.5 million in exchange for Comegys' release from all liability.  The settlement explained that Comegys was not at all admitting fault or wrongdoing in procuring insurance for Smith.[5]   As Comegys' errors and omissions insurer, Endurance paid out this sum to the estate.

Even though Comegys voluntarily settled with the estate, in October 2017, Endurance, on Comegys' behalf, filed suit against Safeco for, among a host of other things,[6] breach of the indemnification agreement between Comegys and Safeco in the Limited

---

[4] So, in essence, the estate was willing to settle its claim against Smith for $3.25 million, the $1.25 million it already got in its settlement with Smith as Safeco's policy limit on Smith, plus the $2 million it then sought from Comegys.

[5] In addition to the $1.5 million Endurance paid out to the estate, Comegys itself spent $25,000 as a deductible toward settlement and paid $30,000 to Comegys' personal attorneys.

[6] Endurance's other claims were for fraud on the court, civil conspiracy, and negligent misrepresentation.

Agreement and breach of the implied covenant of good faith and fair dealing.[7]   The case went to trial.   At the end of testimony, Safeco filed a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a), which the District Court denied.[8]   In what must have been the jury attributing the actions of Smith's attorney to Safeco itself, the jury then agreed with Endurance that Safeco had breached the indemnification provision and the implied covenant

---

[7] Safeco's logical response to Comegys' claims should have been that Comegys was a volunteer in settling with the estate when the indemnification provision required that Comegys be liable for something or that Safeco actually *caused* loss by reason of Safeco's *breach* of an independent provision of the Limited Agreement.

[8] The District Court order denying Safeco's motion for judgment as a matter of law reads as follows:

> Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there was sufficient evidence for a reasonable jury to find that Defendants coordinated with the various actors involved in this case to shift liability from Defendants to Comegys in violation of the indemnification provision in the agency agreement, and that they were therefore liable for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff also offered sufficient evidence from which a reasonable jury could find that Plaintiff suffered damages in the form of costs and expenses related to defending, and ultimately settling, the broker liability claim. To the extent that Defendants' motions seek judgment as a matter of law on Plaintiff's remaining claims, they are moot in light of the jury verdict.

of good faith and fair dealing.[9]  The jury awarded Endurance about $1.6 million in damages plus a $25,000 deductible and $30,000 in attorneys' fees paid by Comegys during litigation.  Safeco filed a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b).  The District Court again denied this motion. Safeco timely appealed.

## II.

This Court reviews a district court's denial of a motion for judgment as a matter of law *de novo.  Howard v. Walgreen Co.*, 605 F.3d 1239, 1242 (11th Cir. 2010).  We view the evidence in the light most favorable to the non-moving party. *Id.*  A motion for a judgment as a matter of law should only be granted "when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." *Id.* (internal citations omitted).  We review questions of contract interpretation *de novo.  Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015).  And this is a diversity jurisdiction case, so Florida law applies. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938) (requiring federal courts whose jurisdiction arises from diversity alone to apply the relevant state law).[10]

---

[9] The jury did not buy Endurance's arguments that Safeco had committed fraud on the court, civil conspiracy, and negligent misrepresentation.

[10] From the outset, we address Endurance's claims that Safeco waived two of its arguments about whether it breached the indemnification agreement.  We

## III.

Under Florida law, "[i]ndemnity contracts are subject to the general rules of contractual construction . . . [and] must be construed on the [express] intentions of the parties." *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 643 (Fla. 1999). Looking at this breach-of-contract case, there is one problem. There is no breach. So, there is no "legally sufficient evidentiary basis" for Endurance to win this case. *Howard*, 605 F.3d at 1242. Endurance never carried its burden at trial of explaining how Safeco breached the indemnification provision of the Limited Agreement. And that is because it cannot do so. Instead, Endurance apparently distracted the jury with facts that are totally irrelevant to this appeal.[11] The distraction method may have worked with the jury in this case, but it does not with us.

––––––––––––––––

find that view unpersuasive. The issue of breach is clearly before the Court, and parties may raise new arguments in support of already-raised legal issues on appeal. *See In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019) (explaining that when an issue is "properly presented, a party can make any argument in support of that [issue]; parties are not limited to the precise arguments they made below") (alteration adopted) (citing *Yee v. City of Escondido*, 503 U.S. 519, 534, 112 S. Ct. 1522, 1532 (1992))). As to Endurance's argument that Safeco is raising for the first time on appeal that the jury award for the deductible and Comegys' attorneys was improper, that claim is now moot because we are reversing the jury's verdict.

[11] Endurance's trial testimony (and briefing) is full of accusations about Safeco's corrupt motives and collusive behavior, presumably derived from the fact that Smith's attorney worked with the estate to settle the claim arising out of the accident. We do not recount all the irrelevant facts here because it

Endurance's argument on appeal is that "[t]he [Limited] Agreement requires that Safeco indemnify Comegys for any loss or claim arising out of or incurred by any negligent or intentional acts by Safeco." If you take that claim on its face, Endurance is literally saying, "Safeco has to indemnify Comegys for any loss Comegys experiences when Safeco intentionally acts—at all."[12] Let us compare that claim with the actual language of the indemnification provision of the Limited Agreement:

[Safeco] shall defend, indemnify, protect, and hold [Comegys] harmless *from and against any and all liability* for claims, suits, regulatory or administrative proceedings and investigations, losses, damages, costs, penalties and expenses, including court costs and reasonable attorneys' fees related thereto, arising out of or incurred *by reason of the breach of this Limited Agreement* by, or any actual or alleged negligent or intentional act, error or omission on the

---

would be a waste of our time and yours. Suffice it to say that Endurance trying to point to Safeco's bad motives cannot create a breach of contract where none exists.

[12] Critically, Endurance omits that, according to the terms of the indemnification provision, any loss caused by Safeco must be caused by a breach of the Limited Agreement or pursuant to Safeco carrying out the Limited Agreement. So, even if Comegys experienced loss, that loss must be tied to Safeco acting against an independent term of the Limited Agreement, outside the indemnification provision. Even assuming Endurance proved that Comegys had experienced loss, Endurance never proved that Safeco breached or acted against any of the independent provisions of the Limited Agreement or that any alleged breach caused the loss Comegys experienced.

part of, [Safeco], its directors, officers, employees or others acting on [Safeco's] behalf *in the placement of business pursuant to or carrying out the terms and conditions of this Limited Agreement*, except to the extent such act, error or omission was expressly and knowingly authorized, concurred in, or ratified by [Comegys]. Safeco's indemnification obligation includes all costs, expenses and attorneys' fees incurred by [Comegys] to enforce this indemnity obligation. [Safeco's] obligations under this Section are conditioned upon [Comegys] providing prompt notice to [Safeco] of any claim made or legal or regulatory action brought against [Comegys].

What Endurance leaves off is that for Safeco's actions to fall under the indemnification provision, the actions must fall into one of three buckets: 1) Safeco has breached the Limited Agreement; 2) Safeco has negligently or intentionally committed an act, error, or omission in the placement of business pursuant to the Limited Agreement; or 3) Safeco has negligently committed an act, error, or omission in the carrying out the terms of the Limited Agreement. In short, to win a breach-of-contract case based on the indemnification provision of the Limited Agreement, Endurance needed to prove at trial that its claim fell into one of these three buckets. We will address these possibilities in turn.

The first possibility is that Safeco breached the Limited Agreement. Endurance quickly loses on this ground. Again, the Limited Agreement that existed between Comegys and Safeco explained that when Comegys acted within its authority in selling

insurance Safeco would cover Comegys' customers with the appropriate insurance policies. And that is exactly what happened here. Comegys was within the scope of its authority when it procured a Safeco insurance policy for Smith. Safeco then covered Smith. And, in due course, when Smith had an accident and needed his insurance coverage to kick in, Safeco tendered the policy limit within twelve days of the motorcyclist's death. Safeco provided Smith with an attorney to negotiate the claim. And Safeco ultimately paid the policy limit pursuant to the settlement between Smith and the estate. In other words, Safeco covered Smith, just like it told Comegys it would in the Limited Agreement. So, Endurance cannot win based on an argument in the first bucket because it has not proven that Safeco breached a single provision of the Limited Agreement.

Next, in the second or third buckets, Endurance could have argued that Safeco negligently or intentionally committed an act, error, or omission *in the placement of business pursuant to* the Limited Agreement or that Safeco negligently committed an act, error, or omission *in the carrying out the terms of* the Limited Agreement. At bottom, Endurance's case is based on two facts: Smith's attorney (provided by Safeco) 1) brought up the possible negligent procurement claim to the estate during negotiations and 2) recommended an insurance lawyer to the estate, if the estate wanted to assume the negligent procurement claim against

Comegys in Smith's place.[13]  In a very generous reading of Endurance's arguments at trial, it is basically saying that Safeco acted through the attorney it provided to Smith, ultimately prompting Comegys to (voluntarily) settle with the estate (without Comegys admitting any fault).  And, Endurance argues, because Comegys settled with the estate (as a volunteer), Safeco now must indemnify Comegys (even though Comegys never admitted any liability).

The first (and biggest problem) with Endurance's position is that Endurance equates the actions of Smith's attorney with the actions of Safeco.  And the two are not the same.  For sure, Safeco provided Smith with an attorney.  And that was pursuant to the insurance policy between Smith and Safeco.  But that does not give Endurance license to attribute every action of Smith's attorney to Safeco itself. Safeco was bound by the terms of the Limited Agreement.  Smith's attorney, on the other hand, was not bound to protect Comegys in any way.  Smith's attorney had a duty of zealous representation, which is exactly what he provided to Smith in settling with the estate.  *See de Vaux v. Westwood Baptist Church*, 953 So.2d 677, 684 (Fla. 1st Dist. Ct. App. 2007) (citing the Florida

---

[13] Endurance points out a whole army of other facts: Smith's attorney kept Safeco apprised of the entire case, and Safeco gave input on the final terms of the settlement (which makes sense because Safeco was going to be paying out $1.25 million in a policy limit); Smith's attorney did not conduct discovery before the non-binding arbitration; Safeco waited twelve days after the motorcyclist's death before tendering the policy limits; and the cross-examination of the motorcyclist's widow by Smith's attorney at the non-binding arbitration was not strong enough.  As we will explain *infra*, these facts are irrelevant.

rules of professional responsibility and explaining that "lawyers are expected to be zealous advocates for the interests of their clients"). Smith's attorney was acting on behalf of Smith, not on behalf of Safeco. *See Pozo v. Roadhouse Grill, Inc.*, 790 So.2d 1255, 1260 (Fla. 5th Dist. Ct. App. 2001) (explaining that "an attorney retained by an insurer to represent an insured does so as an independent contractor, not as an agent of the insurer"). So, Endurance cannot win on a breach-of-contract claim when Safeco wasn't even the one acting and the Limited Agreement requires that Safeco act for indemnification to be triggered.[14] *See id.* ("Generally, the obligation of contracts is limited to the parties making them." (internal citation and quotation marks omitted); *cf. Siegle v. Progressive Consumers Ins. Co.*, 819 So.2d 732, 739 (Fla. 2002) ("In contract interpretation cases, the issue to be addressed is not what this Court or the petitioner would prefer that the policy cover, but what losses the mutually agreed-upon contractual language covers.").

The next problem with Endurance's argument is that by looking at the plain (and clear) language of the Limited Agreement between Comegys and Safeco, we do not read it as covering in any

---

[14] In saying so, we do not suggest that an attorney, provided by an insurance company to an insured, may never act on behalf of the insurance company and in so doing violate an insurance company's contract with an insurance agency. But that is not the presumption under Florida law. And, what we have here is a garden variety case of an attorney representing a client, and, in that case, zealous representation is the mandate. Comment, rule 4–1.3, Rules Regulating The Florida Bar.

way, shape, or form *how* Safeco ultimately insures its policyholders. *See MDS (Canada) Inc. v. Rad Source Tech., Inc.*, 143 So.3d 881, 891 (Fla. 2014) ("Contract interpretation begins with a review of the plain language of the agreement because the contract language is the best evidence of the parties' intent at the time of the execution of the contract." (internal citation omitted)); *see also Crawford v. Barker*, 64 So.3d 1246, 1255 (Fla. 2011) ("Where the terms of a contract are clear and unambiguous, the parties' intent must be gleaned from the four corners of the document."). The Limited Agreement simply delineates Comegys' authority to bind Safeco when it sells Safeco's insurance. Nowhere in the Limited Agreement does it even mention any restraint on how Safeco provides attorneys to its insured or how it settles insurance claims. The only obligations that exist by the terms of the Limited Agreement are the ones between Comegys and Safeco. Because any intentional act or omission of Safeco must be related *to the placement of business pursuant to* or the *carrying out the terms of* the Limited Agreement, Endurance's argument falls outside the scope of the four corners of the clear Limited Agreement. So, Endurance cannot prevail on a breach-of-contract claim on this ground.

Finally, the fatal blow to Endurance's breach-of-contract claim hinges on the fact that the indemnification provision protects Comegys from all liability or loss arising out of Safeco's breach. The problem for Comegys is that in its settlement agreement with the estate it specifically *disclaimed* all liability, and it has not proven that it lost anything *because of* Safeco's actions. The settlement

20                    Opinion of the Court                    19-14664

agreement between Comegys and the estate explained that it was not "to be construed as admissions of fault, wrongdoing or liability on the part of the Claimant or Comegys, which liability is expressly denied." Because the indemnification provision between Safeco and Comegys hinges on Comegys having some sort of liability or demonstrating that Safeco's actions caused loss, we are not free to hold Safeco liable where Comegys is a volunteer in settlement.[15] *See Siegle*, 819 So.2d at 739 (explaining that the court "cannot create coverage 'out of whole cloth'" where it otherwise would not exist (internal citation omitted)).

On a final note about the breach-of-contract claim, it is worth pointing out that what Endurance, as subrogee of Comegys, is really trying to do is make Safeco a secondary errors and omissions insurer. In essence, Endurance is saying, "Smith's attorney

---

[15] Endurance cannot recover without proving that Comegys was actually liable to the estate—i.e., that there was an actual litigation where the estate proved liability in court. Otherwise, Safeco would be liable in this kind of case, even if, after Smith's attorney (provided by Safeco) had pointed out a possible claim, Comegys had called Smith up and explained that it had negligently procured insurance for him and wanted to make it right by paying him what it thought was appropriate. We decline to read the indemnification provision as extending that far. *Cf. Westinghouse Elec. Corp. v. Prudential Ins. Co. of America*, 547 So.2d 721, 721–722 (Fla. 1st Dist. Ct. App. 1989) (per curiam) (refusing to require indemnification where indemnitee had not admitted liability); *Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 286 F.3d 1233, 1262 (11th Cir. 2002) (declining to apply an indemnification provision when the indemnitor was not first found liable under the plain terms of the agreement).

identified that Comegys may have messed up in procuring insurance for Smith. We, Endurance, on behalf of Comegys, settled that claim with the estate without admitting fault. Now we want you, Safeco, to pay us for doing that." We will not penalize Safeco for Comegys' volunteer payment to the estate. And, even if Comegys had been negligent and that fact had been proven in court by the estate, we would still refuse to hold Safeco liable for Comegys' own alleged negligence because Florida requires those kinds of arrangements to be clearly stated by contract.[16] *See Cox Cable Corp. v. Gulf Power Co.*, 591 So. 2d 627, 629 (Fla. 1992); *Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co.*, 374 So. 2d 487, 489 (Fla. 1979). Safeco and Comegys did not express a clear intent in the Limited Agreement that Safeco would indemnify Comegys for Comegys' own negligence. So, Comegys is stuck with the one errors and omissions insurer it already has—Endurance.

---

[16] Looking at common-law indemnity principles, absent a clear contractual arrangement, the principal has no duty to indemnify when the loss results from the agent's negligence or fault. *See* Restatement (Second) of Agency § 440(a) (1958); 19 Williston on Contracts § 54:34 (4th ed. Nov. 2021 update); Britton D. Weiner et al., Law of Commercial Agents and Brokers § 4:3 (June 2021 update). Florida, significantly, follows this general rule. *See GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 758–59 (11th Cir. 1987) (applying Florida law).

## IV.

Regarding Endurance's claim for breach of the implied covenant of good faith and fair dealing, we have stated that generally, under Florida law, "[t]he duty of good faith must 'relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements.'" *Resnick v. Avmed, Inc.*, 693 F.3d 1317, 1329 (11th Cir. 2012) (alteration adopted) (quoting *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1235 (Fla. 4th Dist. Ct. App. 2001) (per curiam) (emphasis omitted)).[17]  Endurance does not argue that there is any express term of the Limited Agreement (besides the indemnification provision,

---

[17] We have also stated that "a cause of action for breach of the implied covenant cannot be maintained . . . in the absence of breach of an express term of the underlying contract." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999).  Insofar as there is any possibility that a contract could be performed in bad faith without a breach of an express term, it would be when a contract "appears by word or silence to invest one party with a [substantial] degree of discretion in performance," there is "an implied obligation of good faith to observe reasonable limits in exercising that discretion." *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st Dist. Ct. App. 1999) (quoting *Centronics v. Genicom Corp.*, 562 A.2d 187, 193 (N.H. 1989) (Souter, J.); *see Speedway SuperAmerica, LLC v. Tropic Enterprises, Inc.*, 966 So.2d 1, 3 (Fla. 2d Dist. Ct. App. 2007); *Ins. Concepts*, 785 So.2d at 1235–36 (stating that in *CSX* no breach of the express terms was found but there was an express term that was allegedly not performed in good faith).  No such possibility is relevant to this case because Endurance's claims do not concern the exercise of discretion under incompletely specified contractual terms.

which requires breach of an independent contract provision) that has been violated.  We accordingly find that Endurance's claim for breach of the implied covenant also fails.

## V.

For the foregoing reasons, Safeco was entitled to judgment as a matter of law.  The judgment of the District Court on Endurance's claims for breach of contract and breach of the implied covenant of good faith and fair dealing is reversed, and the case is remanded for entry of judgment in favor of Safeco.

Endurance filed a separate but interrelated appeal for attorneys' fees in Case No. 20-14763.  However, this appeal is now moot because we hold that Safeco did not breach the indemnification agreement or the implied covenant of good faith and fair dealing. Thus, Endurance loses on all claims and is not entitled to attorneys' fees.

**REVERSED AND REMANDED.**